UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLEE KNOX, ) <br> KAYLA BRATCHER on behalf of ) <br> themselves and all other persons similarly ) <br> situated, known and unknown, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JONES GROUP, ) <br> AVON WINGS, LLC doing business as ) <br> BUFFALO WILD WINGS, ) <br> BW WINGS MANAGEMENT LLC, ) <br> COLDWATER WINGS, LLC, ) <br> COLONIAL WINGS, LLC, ) <br> COOL WINGS, LLC, ) <br> DANVILLE WINGS II, LLC, ) <br> GREENCASTLE WINGS, LLC, ) <br> MECHANICSVILLE WINGS, LLC, ) <br> SHELBYVILLE WINGS, LLC, ) <br> VINCENNES WINGS, LLC, ) <br> ) <br> Defendants. ) | No. 1:15-cv-01738-SEB-TAB |

**ORDER ON DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION**

This case is before the Court on Defendants' motion for reconsideration [Filing No. 81] of this Court's September 16, 2016, order granting Plaintiff's motion to compel.  [Filing No. 80.] For reasons explained below, the Court corrects two factual errors, finds no legal error, and clarifies the information Defendants must produce.  However, this order provides Defendants with no substantive relief.

Defendants' motion first points out that the Court erred in stating that Defendants failed to produce the addresses or phone numbers for 40 individual witnesses.  Upon reconsideration, the Court acknowledges that Defendants' initial disclosures provided this contact information.

[Filing No. 56-1.] The first sentence on page 22 should have only stated, "It is undisputed that Defendants identified three categories of witnesses, but failed to produce their names, addresses, or phone numbers." [Filing No. 80, at ECF p. 22.]

Second, Defendants' motion points out that the Court erred in stating that Defendants' response to Plaintiffs' motion to compel was untimely. On reconsideration, the Court acknowledges that Defendants' brief was indeed timely. However, timeliness was not the basis of the Court's decision to grant Plaintiffs' motion to compel. The basis of the Court's decision was that certification entitled Plaintiffs to the information. The perceived untimeliness of Defendants' brief was merely further support for the order, as the Court stated. [Filing No. 80, at ECF p. 22.]

Defendants next argue that the Court erred in stating Defendants' objection was mooted by the conditional certification. Defendants allege the Court failed to consider all aspects of their objection. On reconsideration, the Court disagrees. All aspects of Defendants' objection were considered, including whether Defendants were required to identify individuals within the categories of witnesses. "Merely because a fact or argument has not been explicitly laid out does not mean that it has not been given serious consideration by the court." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 994 (7th Cir. 2004). As the September 16 order reflects, once the Court certified the action, Defendants were required to identify those individuals. This leads to the final issue on reconsideration: clarification of whether *all* individuals need to be identified.

Defendants' initial disclosures provided contact information for 40 individual witnesses and identified four categories of witnesses: (1) general managers at the 34 restaurants, (2) managers at the 34 restaurants, (3) all opt-in Plaintiffs, and (4) all front-of-house employees and kitchen staff that may have discoverable information. [Filing No. 56-1.] The opt-in Plaintiffs

will be identified as they consent to join this action. However, there was no content for the remaining three categories of witnesses. In certifying this action, the Court ordered Defendants to "supplement their initial disclosures within 30 days by producing the names, addresses, and phone numbers for the witnesses identified in their initial disclosures." [Filing No. 80, at ECF p. 22.]

      Defendants ask the Court for clarification and guidance for whom they must provide contact information. Defendants highlight that they did not use the word "all," and explain that these categories preserve their right to supplement initial disclosures. Defendants contend they are therefore uncertain whether they must identify and disclose the contact information for *all* individuals belonging to these categories, or whether disclosure should be narrowed, for example, by knowledge, time period, defenses, or discovery. Notably, Defendants pose this question to the Court without offering background information or reasons for narrowing disclosures. Certainly Defendants created these placeholder categories with individuals in mind. Who did Defendants intend to include? Who do Defendants want to exclude? The answers are unclear. The Court did not create these categories and the Court will not narrow these categories by guessing at the answers. Accordingly, the Court instructs Defendants to identify and disclose the contact information for *all* individuals belonging to their categories.

      The standard of relevance applied in discovery is very broad, and the Court has broad discretion in matters relating to discovery. Fed. R. Civ. P. 26(b)(1); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). So too, the Court takes a broad view of Defendants' categories. Upon reconsideration, the Court clarifies that Defendants must identify (1) *all* general managers at the 34 restaurants, (2) *all* managers at the 34 restaurants, and (3) *all* front-of-house employees and kitchen staff that may have discoverable information.

3

For the above reasons, Defendants' motion for partial reconsideration [Filing No. 81] is granted in part. Defendants' response [Filing No. 61] was timely and 40 individual witnesses were identified in the initial disclosures. All aspects of Defendants' objection were considered in the Court's prior ruling. The Court clarifies that Defendants must identify all individuals that belong in the three categories of witnesses listed in their initial disclosures. The 30-day time period for supplementation begins upon entry of this order.

Date: 10/18/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul DeCamp
JACKSON LEWIS LLP
decampp@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS P.C. - Indianapolis
craig.wiley@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS P.C. - Indianapolis
melissa.taft@jacksonlewis.com

Jamie G. Sypulski
LAW OFFICE OF JAMIE GOLDEN SYPULSKI
jsypulski@sbcglobal.net

Douglas M. Werman
WERMAN SALAS PC
dwerman@flsalaw.com

Zachary C. Flowerree
WERMAN SALAS PC
zflowerree@flsalaw.com