**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **KIMBERLEE KNOX and KAYLA BRATCHER** | ) | |
| **on behalf of themselves and all other persons** | ) | |
| **similarly situated, known and unknown,** | ) | **Case No. 15-cv-1738 SEB-TAB** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Magistrate Judge Baker** |
| **v.** | ) | |
| | ) | |
| **THE JONES GROUP, AVON WINGS, LLC** | ) | |
| **d/b/a Buffalo Wild Wings, BW WINGS** | ) | |
| **MANAGEMENT LLC, COLDWATER** | ) | |
| **WINGS, LLC, COLONIAL WINGS, LLC,** | ) | |
| **COOL WINGS, LLC, DANVILLE WINGS II,** | ) | |
| **LLC, GREENCASTLE WINGS, LLC,** | ) | |
| **MECHANICSVILLE WINGS, LLC,** | ) | |
| **SHELBYVILLE WINGS, LLC, and** | ) | |
| **VINCENNES WINGS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INDEX OF EXHIBITS TO
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT;
FOR APPOINTMENT OF SETTLEMENT ADMINISTRATOR; AND
<u>FOR APPROVAL OF SERVICE AWARDS AND ATTORNEYS' FEES AND COSTS</u>**

Joint Stipulation of Settlement........................................................................................1

Proposed Order ................................................................................................................2

Declaration of Douglas M. Werman.................................................................................3

Declaration of Jamie Golden Sypulski in Support of Plaintiffs' Petition for Attorneys' Fees and Costs................................................................................................................................4

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **KIMBERLEE KNOX and KAYLA BRATCHER** | ) | |
| **on behalf of themselves and all other persons** | ) | |
| **similarly situated, known and unknown,** | ) | **Case No. 15-cv-1738 SEB-TAB** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE JONES GROUP, AVON WINGS, LLC** | ) | |
| **d/b/a Buffalo Wild Wings, BW WINGS** | ) | |
| **MANAGEMENT LLC, COLDWATER** | ) | |
| **WINGS, LLC, COLONIAL WINGS, LLC,** | ) | |
| **COOL WINGS, LLC, DANVILLE WINGS II,** | ) | |
| **LLC, GREENCASTLE WINGS, LLC,** | ) | |
| **MECHANICSVILLE WINGS, LLC,** | ) | |
| **SHELBYVILLE WINGS, LLC,** | ) | |
| **VINCENNES WINGS, LLC, ANGOLA WINGS,** | ) | |
| **LLC, AUBURN WINGS, LLC, BROOKLYN** | ) | |
| **WINGS, LLC, CHESTER WINGS, LLC,** | ) | |
| **DANVILLE WINGS, LLC, FAIRVIEW WINGS,** | ) | |
| **LLC, FARMVILLE WINGS, LLC, HOOSIER** | ) | |
| **WING IT II, LLC, HOOSIER WING IT, LLC,** | ) | |
| **LAPORTE WINGS, LLC,  LEBANON WINGS,** | ) | |
| **LLC, LOGANSPORT WINGS, LLC, LP WING** | ) | |
| **IT, LLC, MAYSVILLE WINGS, LLC, MBM** | ) | |
| **OHIO, LLC, MUNCIE WINGS, LLC, NEW** | ) | |
| **CASTLE WINGS, LLC, PORTAGE WINGS,** | ) | |
| **LLC, SHORT PUMP WINGS, LLC, SOUTHERN** | ) | |
| **PINES WINGS, LLC, ST. JOE WINGS, LLC,** | ) | |
| **STURGIS WINGS,  LLC, WARSAW WINGS,** | ) | |
| **LLC, and WASHINGTON WINGS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**JOINT STIPULATION OF SETTLEMENT**</u>

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by,

between, and among Kimberlee Knox and Kayla Bratcher ("Named Plaintiffs"), on behalf of

themselves and the Opt-in Plaintiffs, who are identified on Exhibit A, , and Defendants The

Jones Group, Avon Wings, LLC, d/b/a Buffalo Wild Wings, BW Wings Management LLC,

Coldwater Wings, LLC, Colonial Wings, LLC, Cool Wings, LLC, Danville Wings II, LLC, Greencastle Wings, LLC, Mechanicsville Wings, LLC, Shelbyville Wings, LLC, Vincennes Wings, LLC, Angola Wings, LLC, Auburn Wings, LLC, Brooklyn Wings, LLC, Chester Wings, LLC, Danville Wings, LLC, Fairview Wings, LLC, Farmville Wings, LLC, Hoosier Wing It II, LLC, Hoosier Wing It, LLC, Laporte Wings, LLC, Lebanon Wings, LLC, Logansport Wings, LLC, LP Wing It, LLC, Maysville Wings, LLC, Mbm Ohio, LLC, Muncie Wings, LLC, New Castle Wings, LLC, Portage Wings, LLC, Short Pump Wings, LLC, Southern Pines Wings, LLC, St. Joe Wings, LLC, Sturgis Wings, LLC, Warsaw Wings, LLC, and Washington Wings, LLC ("Defendants"), and is conditioned upon the Court's approval.

1.   <u>DEFINITIONS</u>

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another section.

(a)   "Action" means the civil action filed in the Court, captioned *Knox, et al. v. The Jones Group, et al.,* Case Number 15-cv-1738 SEB-TAB.

(b)   "Plaintiffs' Counsel" or "Class Counsel" means Werman Salas P.C. and Law Office Jamie Golden Sypulski.

(c)   "Court" means the United States District Court for the Southern District of Indiana.

(d)   "Opt-In Plaintiffs" are identified on Exhibit A, hereto, and include persons who timely filed Consent Forms to be a party-plaintiffs to the Action.  This term excludes any person who withdrew his or her Consent Form or were later dismissed from the Action.

(e)   "Parties" means Plaintiffs and Defendants, collectively and, separately, each "Party."

(f)      "Released Parties" means Defendants and their former and present parents, subsidiaries, and affiliated corporations, and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives.

(g)      "Plaintiffs" means Named Plaintiffs and Opt-in Plaintiffs, collectively.

(h)      "Settlement" shall mean the resolution of the Action as effectuated by the Joint Stipulation.

(i)      "Settlement Account" shall be a Qualified Settlement Fund established by the Settlement Administrator under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, *et seq*.

(j)      "Settlement Class Members" means the Named Plaintiffs and Opt-In Plaintiffs identified in Exhibit A.

(k)      "Settlement Payments" means the amounts to be paid to Settlement Class Members from the Net Settlement Fund as described in Section 4(d) of this Joint Stipulation.

2.      <u>THIS JOINT STIPULATION IS CONTINGENT ON COURT APPROVAL</u>

If, for any reason, the material terms of this Joint Stipulation are not approved by the Court, this Joint Stipulation will be void and of no force and effect.  Further, nothing from the settlement process, including documents created or obtained through the settlement process, shall be admissible as evidence in the Action or used in any way contrary to the Parties' respective interests.

3.      <u>STATEMENT OF NO ADMISSION</u>

(a)      Although the Parties do not abandon the positions they took in the Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests.  In light of these realities, the Parties believe that this Joint Stipulation is fair, reasonable, and the best way to resolve the disputes between and among them.

3

(b)      Defendants deny all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as the collective allegations asserted in the Action.  Defendants further deny that this Action is appropriate for collective treatment for any purpose other than settlement.  Defendants agree to resolve the Action via this Joint Stipulation, but to the extent this Joint Stipulation is deemed void, Defendants do not waive, but rather expressly reserve, all rights to challenge any and all claims and allegations asserted by Named Plaintiffs in the Action and/or any Opt-In Plaintiff should the case proceed, upon all procedural and substantive grounds, including without limitation the ability to challenge collective-action treatment on any grounds.

4.      <u>MONETARY TERMS OF SETTLEMENT</u>

(a)      In order to settle the Action, and as consideration for the Named Plaintiffs' and Opt-in Plaintiffs' release of claims, dismissal of the Action, and the other good and valuable consideration described herein that the Named Plaintiff and Opt-In Plaintiffs are providing to Defendants, Defendants will deposit into the Settlement Account One Million Three Hundred Thousand Dollars ($1,300,000), which will be controlled by the Settlement Administrator, and which shall be used to provide for:  (i) Settlement Payments to the Plaintiffs, as described in this Joint Stipulation; (ii) Service Awards to the Named Plaintiffs and certain Opt-In Plaintiffs, as defined in 4(b)(iii), below; (iii) Plaintiffs' Attorneys' Fees, as described herein; (iv) Plaintiffs' Litigation Expenses, as described herein; and (v) Settlement Administration Expenses, as described herein.

(b)      The term "Settlement Fund" shall refer to the funds that will be distributed in accordance with this Joint Stipulation. The Settlement Fund shall not exceed $1,300,000.00, exclusive of Defendants' payment of the employer's share of applicable state and federal payroll

taxes, as provided in Section 4(f) below, and shall be allocated as follows, subject to Court approval:

(i)    The term "Net Settlement Fund" is the amount available from the Settlement Fund for the *pro rata* Settlement Payments to Plaintiffs, and shall be the Settlement Fund minus the amounts paid to: (i) the Named Plaintiffs and certain Opt-In Plaintiffs, as defined in subsection 4(b)(iii), below, as Service Awards; (ii) Class Counsel for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses; and (iii) the Settlement Administrator, for Settlement Administration Expenses. The amounts to be deducted from the Settlement Fund are set forth below in subparagraphs (ii), (iii), (iv), and (v).

(ii)    A payment of $7,500.00 to each Named Plaintiff as Service Awards.

(iii)    A payment of $1,000.00 to each Opt-In Plaintiff who gave deposition testimony in the Action and $250.00 to each Opt-In Plaintiff who gave a declaration in the Action as Service Awards.

(iv)    A sum of no more than $675,000.00, to be paid to Class Counsel for Plaintiffs' Attorneys' Fees, and an amount not to exceed $30,000.00 to be paid to Class Counsel for Plaintiffs' Litigation Expenses.

(v)    An amount not to exceed $6,139 to be paid to Analytics Consulting LLC for settlement administration fees and costs.

(c)    Defendants' total obligation under this Joint Stipulation shall not exceed One Million Three Hundred Thousand Dollars ($1,300,000.00), inclusive of all payments described in this section, including the employees' share of any applicable tax withholdings, but excluding

Defendants' employer share of applicable state and federal payroll taxes associated with the Settlement Payments.

(d)      Each Settlement Class Member's Settlement Payment shall be calculated as follows:

(i)  For those Settlement Class Members who testified through interrogatory answers or depositions that he or she paid for customer walkouts or cash drawer shortages, as identified on Exhibit B hereto, the Total Minimum Wages for the Settlement Class Member will be calculated as follows:

[(Number of hours worked in the three years before the Settlement Class Member opted into this lawsuit until November 16, 2015, at sub-minimum, tip-credit rate of pay ("Hours") * $7.25) – (Hours * the sub-minimum tip-credit wage rate the employee was paid)];

(ii)      For those Settlement Class Members who did not testify that he or she paid for customer walkouts or cash drawer shortages, as identified on Exhibit C hereto, the Total Minimum Wages for the Settlement Class Member will be calculated as follows:

[(Hours * $7.25) – (Hours * the sub-minimum tip-credit wage rate the Settlement Class Member was paid) * 40%];

(iii)      Each Settlement Class Member's Total Minimum Wages shall be divided by the sum of all Settlement Class Members' Total Minimum Wages. The quotient shall represent each Settlement Class Member's Pro Rata Factor. Exhibit A provisionally identifies each Settlement Class Member and his or her Pro Rata Factor, subject to

6

finalization upon Defendants' production of additional opt-in payroll records as set forth in paragraph 4(h) below.

(iv)     All Settlement Class Members shall be eligible to receive a minimum Settlement Payment of $25.00 ("Minimum Settlement Payment").

(v)     Each Settlement Class Member's Settlement Payment shall be computed as follows:

(1)     Each Settlement Class Member's Pro Rata Factor will be multiplied by the Net Settlement Fund. The result will be referred herein as "Preliminary Settlement Award."

(2)     If a Settlement Class Member's Preliminary Settlement Award is less than $25.00, the Settlement Class Member's Settlement Payment will be increased to the Minimum Settlement Payment of $25.00.

(3)     All Minimum Settlement Payments shall be subtracted from the Net Settlement Fund, which shall yield the "Adjusted Net Settlement Fund." Each Settlement Class Member whose Preliminary Settlement Award exceeds $25.00 will have his or her Pro Rata Factor recalculated, omitting data from all Minimum Settlement Payment recipients, and that Recalculated Pro Rata Factor shall be divided by the Adjusted Net Settlement Fund. The quotient will be referred to as the "Adjusted Pro Rata Factor." The Settlement Payment for each Settlement Class Member whose Settlement Award exceeds $25.00 shall be computed by multiplying his or her Adjusted Pro Rata Factor by the Adjusted Net Settlement Fund. If, after the computations described in this paragraph are performed, any Settlement Class Member's Settlement Payment is less than $25.00, the calculations described Section 4(d)(v) will

be repeated so that each Settlement Class Member is eligible to receive a minimum Settlement

Payment of $25.00.

        (e)        The Settlement Administrator shall issue one check for each Settlement Payment

allocated as follows:

                (i)        One-half of each Settlement Payment will represent wages.

Regular employee payroll deductions shall be taken out of this portion of each Settlement Class

Member's Settlement Payment as determined by the Settlement Administrator. Federal tax on

that amount will be withheld for all Settlement Class Members based upon a flat withholding

rate, which is reasonable and customary in accordance with Treas. Reg. 31.3402(g)-1(a)(2), and

as is calculated by the Settlement Administrator. State tax will be withheld according to

applicable state withholding requirements.  The Settlement Administrator shall issue each

Settlement Class Member an IRS Form W-2 for this portion of the Settlement Payment.

                (ii)       One-half of each Settlement Payment will represent liquidated

damages.  Payroll deductions and income taxes shall not be taken from this portion of each

Settlement Class Member's Settlement Payment.  The Service Awards for Named Plaintiffs and

Opt-in Plaintiffs shall likewise be treated as non-wage income.  The Settlement Administrator

shall issue each Opt-In Plaintiff an IRS Form 1099 for the liquidated damages portion of each

Settlement Payment.  The Settlement Administrator shall also issue Named Plaintiffs and certain

Opt-In Plaintiffs, as defined in subsection 4(b)(iii), above, IRS Form 1099s for their Service

Awards.

                (iii)      The back of each check to each Settlement Class Member will

 contain the following limited endorsement:

I agree to release all claims or causes of action against the Defendants, and the
Released Parties  from the beginning of time until [date of approval of settlement]

for unpaid minimum wages that were asserted in the lawsuit (Case No. 15-cv-1738 SEB-TAB), in the Southern District of Indiana, or that arise out of facts asserted in the lawsuit, including claims under the Fair Labor Standards Act, federal or state law, or common law, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest.

(f)     Defendants shall be responsible for payment of the employer's portion of all applicable payroll taxes for each Settlement Payment made pursuant to Section 4 (e)(i).  Other than the withholding and reporting requirements herein, Settlement Class Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Joint Stipulation.

(g)     To the extent permitted by law, in no event shall any Settlement Payment or Service Award create any credit or otherwise affect the calculation of or eligibility for any compensation, bonus, deferred compensation or benefit under any compensation, deferred compensation, pension or other benefit plan, nor shall any such Settlement Payment or Service Award be considered as "compensation" under any pension, retirement, profit sharing, incentive or deferred compensation benefit or plan, nor shall any such payment or award require any contribution or award under any such plan, or otherwise modify any benefits, contributions or coverage under any other employment compensation or benefit plan or program.

(h)     For Opt-In Plaintiffs for whom no data was produced, Defendants will produce by July 21, 2017, payroll documents sufficient to reflect the hours each of these Opt-in Plaintiffs worked and their rates of pay from the period starting in the three years before the Opt-In Plaintiff joined this case until the present. If no payroll records exist for certain Opt-In Plaintiffs, Defendants shall so inform Plaintiffs' Counsel, and Settlement Payments for those individuals will be extrapolated using an average of the hours worked, rates of pay and relevant minimum wage rates of Opt-In Plaintiffs for whom data was produced.

5.     <u>RELEASE OF CLAIMS</u>

(i) In exchange for their Settlement Payments, Opt-In Plaintiffs shall be deemed to have

released and discharged the Released Parties from:

All claims or causes of action during from the beginning of time through the date of the approval of the settlement of this Action by the Court for unpaid minimum wages that were asserted in the Action, or that arise out of facts asserted in the Action, including claims under the FLSA, federal or state law, or common law, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest.

(ii)  In exchange for their Service Awards, following the Court's approval of this

Settlement Agreement, Named Plaintiffs shall release and discharge the Released Parties from:

(i)       all claims raised or which could have been raised in the Action;

(ii)      all claims, actions, causes of action, class allegations, demands, damages, costs, liabilities, debts, obligations, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered or related to, or in any way growing out of Named Plaintiffs' employment with, treatment at, wages from, or separation of employment from Defendants;

(iii)     all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the National Labor Relations Act, as amended, the Equal Pay Act, the Fair Labor Standards Act, as amended, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, as amended, and any other Federal, State, or municipal statute, order, regulation, or ordinance on account of, or any damages or injury related to or in any way growing out of Named Plaintiffs' employment with, treatment at, compensation from, or separation of employment from Defendants; and

(iv)      all claims arising under common law, including, but not limited to, tort claims or breach of contract claims (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any damages or injury related to or in any way growing out of Named Plaintiffs' employment with, treatment at, compensation from, or separation of employment from Defendants.

6.     ATTORNEYS' FEES AND EXPENSES AND NAMED PLAINTIFFS' AND CERTAIN OPT-IN PLAINTIFFS' SERVICE AWARDS

(a)     Class Counsel may make an application or applications to the U.S. District Court for the Southern District of Indiana, or any other Court taking jurisdiction over the Action, for an award of Plaintiffs' Attorneys' Fees and an award of Plaintiffs' Litigation Expenses.  The amount of the Plaintiffs' Attorneys' Fees will not exceed $675,000.00.  The amount of Plaintiffs' Litigation Expenses shall not exceed $30,000.00.  Such application or applications shall be filed in connection with the Motion for Approval of the Joint Stipulation. Defendants will not oppose any such application for fees or costs provided that Class Counsel do not seek to recover Attorneys' Fees in excess of $675,000.00 and do not seek to recover Litigation Expenses in excess of $30,000.00.

(b)     Plaintiffs and Class Counsel understand and agree that Class Counsel's Fees and Expenses will be the full, final, and complete payment of all attorneys' fees and costs arising from and/or relating to the representation of the Named Plaintiff, Opt-in Plaintiffs, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the Action.  As an inducement to Defendants to enter into this Joint Stipulation, and as a material condition thereof, Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendants for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Joint Stipulation. As a further inducement to Defendants to enter into this Joint Stipulation, and as a material condition thereof, Plaintiffs and Class Counsel further understand and agree that the fee and cost payments made pursuant to this Section to Class Counsel for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses, will be the full, final, and complete payment of all attorneys' fees and costs that are released, acquitted, or discharged pursuant to this Joint Stipulation.

Furthermore, Plaintiffs and Class Counsel represent and warrant that no attorney, other than Class Counsel, has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Action, and that the terms of this Joint Stipulation shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Action. Nothing in this Section shall preclude Plaintiffs from appealing the amounts allocated to Class Counsel for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses should the sum awarded by the Court fall below the amount described in Section 4(b)(iv) of this Joint Stipulation. If Plaintiffs' Counsel elect not to appeal or if the Court of Appeals affirms the decision, only the reduced amounts will be deemed to be Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses for purposes of this Joint Stipulation. Any remaining or reduced amounts shall be added to the Net Settlement Fund available for distribution to Settlement Class Members.

(c)     All of Defendants' own legal fees, costs and expenses incurred in this Action shall be borne by Defendants.

(d)     Class Counsel may apply for Service Awards to Named Plaintiffs in an amount not to exceed Seven Thousand Five Hundred Dollars ($7,500.00) each, in acknowledgment of their time and effort spent prosecuting this Action on behalf of Settlement Class Members, including conferring with Class Counsel, giving deposition testimony, participating in the Court's supervised mediation of the Action, and in recovering wages on behalf of all Opt-In Plaintiffs. The Service Awards shall be paid from the Net Settlement Fund. Defendants agree not to oppose such application, so long as it is consistent with the provisions of this Joint Stipulation.

Class Counsel may apply for Service Awards not to exceed One Thousand Dollars ($1,000.00) to each Opt-In Plaintiff who gave deposition testimony in the Action and Two

Hundred and Fifty Dollars ($250.00) to each Opt-In Plaintiff who gave a declaration in the Action as Service Awards, in acknowledgment of their time and effort spent prosecuting this Action on behalf of Settlement Class Members. The Service Awards shall be paid from the Net Settlement Fund. Defendants agree not to oppose such application, so long as it is consistent with the provisions of this Joint Stipulation. The twenty-two (22) Opt-In Plaintiffs who gave a deposition in the Action are identified on Exhibit D. The eight (8) Opt-In Plaintiffs who gave a declaration in the Action are identified on Exhibit E.

7.    SETTLEMENT TIMELINE

The Parties agree to follow the following timeline for the completion of the Settlement and dismissal of the Action:

(a)    Settlement Approval: Plaintiff shall draft and file an Unopposed Motion for Settlement Approval as soon as possible after July 7, 2017.

(b)    Production of Class Data: Within seven (7) days of entry of the Order approving the Joint Stipulation, Class Counsel shall provide the Settlement Administrator with the last known addresses for all Settlement Class Members identified in Exhibit A. Also with seven (7) days of entry of the Order approving the Joint Stipulation, Defendants shall provide the Settlement Administrator the social security numbers of all Settlement Class Members identified in Exhibit A and the state where each of those Settlement Class Members worked.

(c)    Payment of Total Settlement Payment: No later than November 1, 2017, Defendants will deposit $1,300,000.00, plus the employer's share of applicable payroll taxes as set forth in subpart (e), below, into the Settlement Account.

(d)    Dismissal of Timed Out or Non Responsive Opt-In Plaintiffs: Prior to Plaintiffs filing a motion with the Court to approve this Settlement, Defendants will move to dismiss or for summary judgment, or make such other motion as necessary to remove from the lawsuit, the

13

following Opt-In Plaintiffs: (a) those who did not consent to join this litigation within 3 years of separating employment with Defendants; (b) those who failed to answer Defendants' interrogatories and who the parties' agree were obligated to answer those interrogatories; and (c) those who failed to attend a scheduled deposition or failed to communicate with Plaintiffs' counsel in response to requests to schedule their depositions.  Notwithstanding the foregoing, no Opt-In Plaintiff shall be dismissed if the individual provided any assistance warranting a service award under Paragraph 6(e), above.

(e)     <u>Payment of the Employer Share of Payroll Taxes</u>: Within seven (7) days of the entry of the Order approving the Joint Stipulation, the Settlement Administrator shall determine the employer's share of payroll employment taxes on Settlement Payments to Settlement Class Members, and shall communicate such amount to Defendants with a detailed explanation of the calculations.  In the event of any dispute as to the calculation of employer's share of payroll taxes, the Parties and Settlement Administrator shall meet and confer in good faith in an attempt to resolve the dispute.  If the dispute cannot be resolved, it shall be submitted to the Court for a final determination. The Settlement Administrator shall thereafter remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities on a timely basis pursuant to its duties and undertakings.  Defendants agree to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Section.

(f)     <u>Update of Settlement Class Members' Addresses</u>: If requested by Class Counsel, the Settlement Administrator will run all the social security numbers and names through the National Change of Address (NCOA) Database, or a comparable database, to obtain updated addresses for the Settlement Class Members.

(g)      Issuance of Settlement Payments, Service Award and Class Counsel's Fees and Expenses: The Settlement Administrator shall make the following payments:

(i)          Within twenty-one (21) days of receiving the Settlement Fund, the Settlement Administrator shall deliver Settlement Payments via First Class U.S. Mail to each Opt-In Plaintiff for his or her ratable share of the Settlement Fund as computed in Section 4(d) of this Joint Stipulation. The Settlement Payment checks shall be negotiable by Settlement Class Members for 150 days from the date they were mailed by the Settlement Administrator.  The Settlement Administrator shall include a cover letter with each check to each Settlement Class Member that briefly explains why the Settlement Class Members is receiving a Settlement Payment and what the Settlement Payment represents.   The face of each check shall clearly state that the check must be cashed within 150 days.  An envelopes containing a Settlement Payment shall be marked on its face with the words "Buffalo Wild Wings Wage Settlement Check Enclosed."

(ii)          Within twenty-one (21) days of receiving the Settlement Fund, the Settlement Administrator shall deliver the Named Plaintiffs' Settlement Payments and the Named Plaintiffs' Service Awards to Class Counsel.

(iii)          Within seven (7) days of receiving the Settlement Fund,  The Settlement Administrator shall deliver Class Counsel's award for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses, by wire transfer or check, to Class Counsel as Class Counsel directs.

(iv)          If any Settlement Payment check is returned to the Settlement Administrator as undeliverable with a forwarding address, the Settlement Administrator will forward the Settlement Payment to the forwarding address.  If any Settlement Payment is returned to the Settlement Administrator as undeliverable without a forwarding address, the

Settlement Administrator will run a new search of the social security number and name through available databases, such as Accurint, and will forward the Settlement Payment to the new address obtained in this manner, if any.

(v)     Within fourteen (14) days of the expiration of the 150 day check cashing period, the Settlement Administrator shall provide to Defendants and Class Counsel: (A) scanned copies of the negotiated Settlement Payment checks; and (B) a list, in Excel format, of the names of all Opt-In Plaintiffs including for each: (1) the amount of the Opt-In Plaintiff's Settlement Payment; (2) the amount of the Settlement Payment attributed to wages; and (3) the amount of the Settlement Payment attributed to liquidated damages.

(vi)     If, after expiration of the 150-day check cashing period, amounts remain in the Settlement Account, those funds shall be escheated to the State of Indiana by the Settlement Administrator, except the Settlement Administrator shall not allow to escheat any amounts in the Settlement Account that represent the employer share of payroll taxes for Settlement Payments that were negotiated by Opt-In Plaintiffs.  The Settlement Administrator shall return to Defendant the amounts that represent the employer share of payroll taxes.

8.     <u>MUTUAL FULL COOPERATION</u>

The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Joint Stipulation, and exercise good-faith efforts to accomplish the terms and conditions of this Joint Stipulation.

9.     <u>CONSTRUCTION</u>

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between and among the Parties.  Accordingly, this Joint Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Joint Stipulation.

10.   <u>INTEGRATION</u>

This Joint Stipulation contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  There are no undisclosed side agreements between the Parties or their counsel. No rights hereunder may be waived except in writing.

11.   <u>BINDING ON SUCCESSORS AND ASSIGNS</u>

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

12.   <u>MODIFICATION</u>

This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Joint Stipulation may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

13.   <u>APPLICABLE LAW</u>

The terms of this Joint Stipulation shall be governed by and construed in accordance with Indiana law.

14.   <u>RETENTION OF JURISDICTION</u>

The Court shall retain exclusive jurisdiction with respect to the implementation and enforcement of the terms of this Joint Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Joint Stipulation. The Parties consent to Magistrate Judge Baker's jurisdiction for the purpose of ruling on their Unopposed Motion for one-step Approval of this Joint Stipulation of Settlement.

15.     <u>COUNTERPARTS</u>

This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Signatures transmitted by facsimile or by electronic mail (using portable document format) shall have the same effect as an original ink signature.

16.     <u>PARTIES' AUTHORITY</u>

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

17.     <u>CONFIDENTIALITY</u>

The terms of this Joint Stipulation shall remain confidential only until the time when Plaintiffs' Counsel shall file their Unopposed Motion for one-step Approval of this Joint Settlement of Settlement.

Signed this ___ day of _____, 2017.

By:     _____
        One of Plaintiffs' Attorneys

DOUGLAS M. WERMAN
WERMAN SALAS P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

JAMIE G. SYPULSKI
LAW OFFICE JAMIE GOLDEN SYPULSKI
150 North Michigan Avenue, Suite 1000
Chicago, Illinois 60601
(312) 332-6202

18

By: _____
One of Defendants' Attorneys

CRAIG W.WILEY
MELISSA K. TAFT
JACKSON LEWIS P.C.
10 West Market Street, Suite 2400
Indianapolis, Indiana 46204
Telephone: (317) 489-6930
Facsimile: (317) 489-6931

# EXHIBIT A

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

|    | Last Name | First Name | Pro Rata Factor |
|----|-----------|------------|-----------------|
| 1  | (RICHARDSON) PEETZ | LACI | 0.04% |
| 2  | ABRAMS | ANGELLA | 0.90% |
| 3  | ACKERMAN | ASHLEY | 0.09% |
| 4  | AGUILAR | DIANA | 0.81% |
| 5  | ALLEN | JARROD | 0.04% |
| 6  | ALVAREZ | MELISSA | 0.07% |
| 7  | AMICK | JUSTIN | 0.31% |
| 8  | ANDERSON | NATALIE | 0.09% |
| 9  | ANDERSON | SHANNON | 0.53% |
| 10 | ANGULO | IVEY NICOLE | 0.01% |
| 11 | APPLEBEE | STACY | 0.000% |
| 12 | ARNOLD-KRALL | STEPHEN | 0.08% |
| 13 | ARROYO | JOSEPH L. | 0.02% |
| 14 | ARTIS | YASMIN | 0.05% |
| 15 | ATKINSON | CHELSEA B. | 0.05% |
| 16 | ATWOOD | ALENA | 0.05% |
| 17 | BAKER | SARAH J. | 0.02% |
| 18 | BALDWIN | LAMARKUS D. | 0.04% |
| 19 | BALES | PAULA J. | 0.01% |
| 20 | BANKSTON | LANESHIA | 0.51% |
| 21 | BARKSDALE | JACOBE | 0.04% |
| 22 | BARNUM | JAMIE O. | 0.03% |
| 23 | BARTON IVEY | LESLIE D. | 0.31% |
| 24 | BARTRAM | JARED DRAY | 0.09% |
| 25 | BASSETT | DANIELLE ANN | 0.01% |
| 26 | BAUMGARTNER | JENNIFER | 0.70% |
| 27 | BEACHAM | CYNTHIA | 0.09% |
| 28 | BECKLEY | JUSTIN | 0.18% |
| 29 | BEEDLE | JENNA | 0.18% |
| 30 | BENBENEK | JOSEPH | 0.000% |
| 31 | BENTLEY | BETHANY | 0.19% |
| 32 | BERTSCH | HALEY | 0.45% |
| 33 | BIRTELL | MELANIE | 0.29% |
| 34 | BISH | BRITTANI | 0.33% |
| 35 | BISHOP | DYLAN | 0.84% |
| 36 | BLACKSTOCK | NIJAH | 0.01% |
| 37 | BLOSSER | SARA | 0.06% |
| 38 | BOLO | CODY | 0.14% |
| 39 | Boubion | Sarah | 0.07% |
| 40 | BOULE | ANNA | 0.13% |
| 41 | BOWMAN | KELLY | 0.27% |
| 42 | BRANCH | BRITTANY N. | 0.01% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

| | Last Name | First Name | Pro Rata Factor |
|---|---|---|---|
| 43 | Bratcher | Kayla | 0.71% |
| 44 | BREEDING | ABBIGAIL | 0.01% |
| 45 | BROOKE | SAMANTHA | 0.02% |
| 46 | BROOKS | ANGELA | 0.000% |
| 47 | BROWN | QUIANA | 0.01% |
| 48 | BROWN SHAFFER | DANIELLE | 0.08% |
| 49 | BRYANT | JAMI L. | 0.05% |
| 50 | BUIS | JEFFERY HUNTER | 0.22% |
| 51 | BUNCH | KIERA | 0.02% |
| 52 | BURGESON | BRONSON | 0.56% |
| 53 | Burk | Paul | 0.91% |
| 54 | Burton | Casey | 0.26% |
| 55 | BUSTOS | ALEXANDRA | 0.75% |
| 56 | BUTTS | ELIZABETH | 0.05% |
| 57 | Buys | Elizabeth | 0.17% |
| 58 | CALDWELL | AUMARIA | 0.33% |
| 59 | CALDWELL | KAYLA M. | 0.02% |
| 60 | CALDWELL | KATHLEEN | 0.05% |
| 61 | CAPRINO | CARA | 0.22% |
| 62 | CARD | JACKIE | 0.02% |
| 63 | CAROW | TIA MILLER. | 0.13% |
| 64 | CARTER | PAIGE | 0.09% |
| 65 | CASTRO | BRITTANY | 0.02% |
| 66 | CAUDILL | ARISSA | 0.16% |
| 67 | CHAFFEE | SHELBY | 0.000% |
| 68 | CHAMBERS | CHANIQUIA | 0.04% |
| 69 | CHAPPELL | GABRIELLE | 0.02% |
| 70 | Chatman | Matilda | 0.44% |
| 71 | CHEW | CHLOE | 0.01% |
| 72 | CHOATE | BILLY | 0.58% |
| 73 | CHURCH | MEGAN | 1.15% |
| 74 | CLAHAN | BRIAN | 0.21% |
| 75 | CLANCY | BEVERLY | 0.04% |
| 76 | CLEMENTS | JESSICA | 0.43% |
| 77 | CLIFFORD | ASHLEY | 0.53% |
| 78 | COBB | MICHELE D. | 0.000% |
| 79 | COFFEY | MEGAN | 0.97% |
| 80 | COLE | ZAYNE THOMAS | 0.01% |
| 81 | CONRAD | CIARA | 0.15% |
| 82 | COOK | LAKAELA | 0.40% |
| 83 | COOPER | CHARLES | 0.06% |
| 84 | COOPER | HEATHER | 0.78% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

|     | Last Name             | First Name         | Pro Rata Factor |
|-----|-----------------------|--------------------|-----------------|
| 85  | COSTIN                | KATIE              | 0.08%           |
| 86  | COX                   | HALEY              | 0.42%           |
| 87  | Cox-White             | Keith M.           | 0.26%           |
| 88  | CRAWFORD              | BAILEY             | 0.34%           |
| 89  | CRISTOFOLINI-ANDORFER | ELENA              | 0.06%           |
| 90  | CROCKETT              | KAYLA              | 0.06%           |
| 91  | CRUZ REYES            | GABRIELA           | 0.01%           |
| 92  | CULP                  | CHELSAE            | 0.08%           |
| 93  | CUNNINGHAM            | CARRIE             | 0.01%           |
| 94  | CUSTER                | JESSICA            | 0.35%           |
| 95  | DADOU                 | KAYLA              | 0.04%           |
| 96  | DARDICK               | JASON              | 0.08%           |
| 97  | DAUGHERTY             | TAYLOR MARIE       | 0.02%           |
| 98  | DAVID                 | NATASHIA CHRISTINE | 0.04%           |
| 99  | DAVIDSON              | TIFFANY MARIE      | 0.31%           |
| 100 | DAVISON               | NIKKI              | 0.78%           |
| 101 | DAWSON                | EMILY              | 0.14%           |
| 102 | DEJARNATT             | KASSANDRA NICOLE   | 0.03%           |
| 103 | DIBBLE                | KILEA              | 0.33%           |
| 104 | DIEDERICH             | KIM                | 0.84%           |
| 105 | DONICA                | MARJORIE           | 0.30%           |
| 106 | DOUGHERTY             | ZACHARY WILLIAM    | 0.02%           |
| 107 | DUNHAM                | BRITTANY           | 0.08%           |
| 108 | DUNLAP                | SARAH BARRETT      | 0.05%           |
| 109 | EARL                  | HAILEY BROOKE      | 0.06%           |
| 110 | EDMONDS               | JAMES M.           | 0.45%           |
| 111 | EDWARDS               | SERINA L.          | 0.13%           |
| 112 | ELBAOR                | ALYSSIA H.         | 0.05%           |
| 113 | ELI                   | KAYLEA             | 0.07%           |
| 114 | ELISE EKSTRAND        | ALYSSA ANN         | 0.02%           |
| 115 | EMENHISER             | BREANNA            | 0.26%           |
| 116 | EMERSON               | AMANDA L.          | 0.03%           |
| 117 | ENDAHL                | KELSEY             | 0.06%           |
| 118 | ESAMANN               | HALEY A.           | 0.09%           |
| 119 | ETHRIDGE              | TIARRA             | 0.12%           |
| 120 | EVANS                 | JAKOB D.           | 0.40%           |
| 121 | FEIDES PATE           | KRISTIN M.         | 0.72%           |
| 122 | FERGUSON              | ELIZABETH J.       | 0.04%           |
| 123 | FILBEY                | BRANDON R.         | 1.06%           |
| 124 | FINNEGAN              | SAMUEL             | 0.03%           |
| 125 | FLEET                 | KIARA              | 0.01%           |
| 126 | FLORER                | TRAVIS             | 0.01%           |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

| | Last Name | First Name | Pro Rata Factor |
|---|---|---|---|
| 127 | FLORES | DASUE | 0.66% |
| 128 | FLYNN | CASANDRA | 0.01% |
| 129 | FOGARTY LOBDELL | HEATHER DAWN | 0.06% |
| 130 | FOSSMEYER | SHELLEY RENEE | 0.02% |
| 131 | FRAZIER | AMANDA G. | 0.39% |
| 132 | FRIEND | SAMANTHA R. | 0.08% |
| 133 | FRISON | MINDY | 0.01% |
| 134 | FRYE | CIERA | 0.44% |
| 135 | FUENTES | MELISSA J. | 0.30% |
| 136 | Fulk | Lauren | 1.13% |
| 137 | Geraldi | TARA | 0.07% |
| 138 | GERBERS | JORDAN | 0.07% |
| 139 | GILL | KIERRA | 0.73% |
| 140 | GILLESPIE | SAMANTHA N. | 0.000% |
| 141 | GILLESPIE | WOODY D. | 0.06% |
| 142 | GLAND | NATHAN | 1.12% |
| 143 | GODDARD | SAMANTHA H. | 0.20% |
| 144 | GODFREY | CHELSEA | 0.28% |
| 145 | GONZALEZ | CATHY ANN | 0.04% |
| 146 | GRADY | DONNA | 0.11% |
| 147 | GRAHAM | SHANNA | 0.14% |
| 148 | GREEN | JOSETTE | 0.03% |
| 149 | GRIMMETT | LAUREN ERIN | 0.08% |
| 150 | GROCE | MATTHEW | 0.05% |
| 151 | HANCE WARREN | AMANDA M. | 0.05% |
| 152 | HANDSHOE HERRON | CONNER E. | 0.82% |
| 153 | HARLOW | ASHLEIGH | 0.08% |
| 154 | HARRIS | JENNIFER LYNN | 0.03% |
| 155 | HARRIS | ROCHELLE | 0.08% |
| 156 | HARTE | MEAGAN | 0.05% |
| 157 | Hartshorn-Deloach | Colin | 0.07% |
| 158 | HAUPT | TIFFANY | 0.34% |
| 159 | HAWKEY | KAITLIN ELAINE | 0.01% |
| 160 | HAYMANS | ROY | 0.08% |
| 161 | HEAD | STEPHANIE | 0.05% |
| 162 | HEETER | HEATHER SUE | 0.03% |
| 163 | Heinig | Joy | 0.16% |
| 164 | HENDERSON | NIOMI J. | 0.02% |
| 165 | HEREZI | CHEYENNE S. | 0.05% |
| 166 | HERRON | CHARLEY | 0.04% |
| 167 | HERRON | STEPHANIE | 0.65% |
| 168 | HILDEBRAND | KAYLEE | 0.52% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

|     | Last Name        | First Name        | Pro Rata Factor |
|-----|------------------|-------------------|-----------------|
| 169 | HILL             | BRIANNA           | 0.08%           |
| 170 | HILL             | CARTER            | 0.19%           |
| 171 | HINES            | MIRANDA           | 0.47%           |
| 172 | HO               | KEVIN             | 0.000%          |
| 173 | HOLMES           | JESSICA           | 0.18%           |
| 174 | HOOPER-HALDER    | LISA              | 0.25%           |
| 175 | HORBETT          | TASHA             | 0.01%           |
| 176 | HOWELL           | JODY              | 0.03%           |
| 177 | HUBBARD          | PAMELA N.         | 0.09%           |
| 178 | HUBBARD PUCHETA  | CATHRYN           | 0.84%           |
| 179 | HUMPHREY         | AIMIE             | 0.16%           |
| 180 | HUNTER           | HANNAH ELIZABETH  | 0.08%           |
| 181 | IMM              | CALLI             | 0.50%           |
| 182 | ISLEY            | TIFFANY           | 0.02%           |
| 183 | JACKS            | REBECCA LEIGH     | 0.29%           |
| 184 | JACKSON          | CORY              | 0.46%           |
| 185 | JEFFERS          | HEATHER           | 0.06%           |
| 186 | JOHN-HELLER      | ELIZABETH         | 0.36%           |
| 187 | JOHNSON          | JASMINE SIERRA    | 0.00%           |
| 188 | JOHNSON          | MARY              | 1.07%           |
| 189 | JONES            | ARNIE             | 0.09%           |
| 190 | JONES            | CLIFFORD          | 0.08%           |
| 191 | JONES            | LATRICE           | 0.21%           |
| 192 | JOYCE ASKEW      | HARLEE RAMONA     | 0.09%           |
| 193 | KAHKOLA          | BREANNA           | 0.15%           |
| 194 | KATONA           | RYAN              | 0.03%           |
| 195 | KATTER           | MARGARET          | 0.15%           |
| 196 | KELLEY           | KENDALL ELIZABETH | 0.06%           |
| 197 | KEMPF            | RACHELLE          | 0.39%           |
| 198 | KIMMERLING       | KYRA              | 0.02%           |
| 199 | KING             | ASHLEY            | 1.86%           |
| 200 | KING             | TINA              | 0.02%           |
| 201 | KIPFER           | LINDSEY           | 0.46%           |
| 202 | KIXMILLER        | HALEIGH BENEE     | 0.03%           |
| 203 | KLEIN            | MADELYNN          | 0.39%           |
| 204 | KLINGER          | TRAVIS E.         | 0.02%           |
| 205 | KNISELY          | JASMIN            | 0.02%           |
| 206 | Knox             | Kimberlee         | 0.67%           |
| 207 | KNOX             | SHANTA RENNE      | 0.03%           |
| 208 | KONIGSTEIN       | HEATHER JEAN      | 0.01%           |
| 209 | KRAMER           | MICHAEL           | 0.000%          |
| 210 | LANEY            | APRIL MARIE       | 0.01%           |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

| | Last Name | First Name | Pro Rata Factor |
|---|---|---|---|
| 211 | LANGLOIS | JON | 0.12% |
| 212 | Lashbrook | Kaylee Jo | 0.90% |
| 213 | LATHAM | AUBREY | 1.30% |
| 214 | LAWRENCE | CRYSTAL NICOLE | 0.01% |
| 215 | LAWRENCE-CRICHLOW | AHLANNA | 0.02% |
| 216 | LEE | AMBER | 0.08% |
| 217 | LEISURE | SAMANTHA | 0.30% |
| 218 | Lester | Katherine Marie | 0.24% |
| 219 | LESTER | MICHAEL | 0.24% |
| 220 | LEWIS | JARED | 0.50% |
| 221 | LIEBING | CARY | 0.07% |
| 222 | LINK | ERIN | 0.05% |
| 223 | LONG | NICOLE | 0.81% |
| 224 | LOPEZ | AMANDA | 0.01% |
| 225 | LOWN | JADE VANESSA | 0.14% |
| 226 | LUTZ | ASHLEY | 0.12% |
| 227 | LYNCH | PAMELA | 0.98% |
| 228 | MADDEN | CHRISTINA | 0.23% |
| 229 | MALISIAK | NICOLE | 0.61% |
| 230 | MALUK | MEGAN | 0.01% |
| 231 | MANUEL | DESIREE MARIE | 0.06% |
| 232 | MARSHALL | CAITLIN | 1.00% |
| 233 | MARTIN | JESSICA | 0.06% |
| 234 | MARTINELLE | STEPHANIE NICOLE | 0.03% |
| 235 | MARTINEZ | TINA | 0.03% |
| 236 | MASON | VICKIE | 0.43% |
| 237 | MATHEWS | BRITTNEY | 0.05% |
| 238 | MATHEWS | TIARA D. | 0.02% |
| 239 | MAUGHERMAN | AMBER | 0.21% |
| 240 | Mayback | Janelle | 0.27% |
| 241 | MCCARTHY | DAVID | 0.92% |
| 242 | MCCUBBINS | HAILEIGH | 0.01% |
| 243 | MCCUE | DAVID | 0.25% |
| 244 | MCKINNEY | CHRISTOPHER | 0.04% |
| 245 | MCLAIN | SHAINA | 0.10% |
| 246 | MCMILLAN | HALIE LOUISE | 0.01% |
| 247 | MEADOWS | ASHLEY | 0.03% |
| 248 | MEEK | JHAMAL | 1.61% |
| 249 | MIDDLESWORTH | EMILY | 1.08% |
| 250 | MIERAS | ASHLEY NICOLE | 0.03% |
| 251 | MILLER | BRANDY | 0.54% |
| 252 | MILLER | SHELLEY | 0.03% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

| | Last Name | First Name | Pro Rata Factor |
|---|---|---|---|
| 253 | MILLS | AUSTYN | 0.02% |
| 254 | MITCHELL | HANNAH RUTH | 0.05% |
| 255 | MITCHELL | MEGAN | 0.11% |
| 256 | MOBLEY | TAYLOR | 0.66% |
| 257 | MONROE | CASSANDRA | 0.13% |
| 258 | MOORE | CHARLES | 1.34% |
| 259 | MOORE | NATALIE | 0.36% |
| 260 | MOSS | SIERRA | 1.00% |
| 261 | MULLINS | CONNER | 0.09% |
| 262 | MUNOS | KIMBERLY E. | 0.21% |
| 263 | MURDOCK | CHEYANNE | 0.13% |
| 264 | MURPHY | STACY | 0.02% |
| 265 | MYERS | MORGAN | 0.05% |
| 266 | Nava | Vanessa P. | 0.15% |
| 267 | NEER | JODI | 0.04% |
| 268 | NETHERLAND | BROOKELYN | 0.53% |
| 269 | NEUBAUM | CHAD | 0.03% |
| 270 | NEWNUM | MELISSA | 0.11% |
| 271 | NEWNUM | MICHAELA | 0.04% |
| 272 | NICHOLSON | KATHERINE G. | 0.11% |
| 273 | NICKELS | LATASHA M. | 0.08% |
| 274 | NIKSCH | KATHRYN | 0.13% |
| 275 | NIKSCH | KIMBERLY | 0.09% |
| 276 | NORMAN | MARY ANN | 0.06% |
| 277 | NOWAK | AMANDA | 1.04% |
| 278 | OBERHOLZER | EMILY | 0.06% |
| 279 | OLSAVSKY | HOLLY | 0.02% |
| 280 | ORT | ASHLEY | 0.31% |
| 281 | Osborne | Cole | 0.06% |
| 282 | OTT | BRANDI | 0.59% |
| 283 | OTTINGER THOMPSON | HEATHER | 1.10% |
| 284 | OVERBAY | KAYLA | 0.68% |
| 285 | OVERSTREET | KAILA | 0.04% |
| 286 | OVERSTREET | TIFFANY | 0.03% |
| 287 | OWENS | COURTNEY A. | 0.55% |
| 288 | PARKER | DEBRA | 0.20% |
| 289 | PARKER | JENNIFER JOAN | 0.03% |
| 290 | PARSON | TAIZHE A. | 0.82% |
| 291 | PASQUALE | HOLLY | 0.42% |
| 292 | Payne | Annalea | 0.19% |
| 293 | PEARSON | HUNTER | 0.32% |
| 294 | PEGRAM | KAYLA | 0.16% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

| | Last Name | First Name | Pro Rata Factor |
|---|---|---|---|
| 295 | PEREZ | CHRISTIAN | 0.02% |
| 296 | PEREZ | TABATHA | 0.17% |
| 297 | PERRY BENEDICT | NATASHA | 0.86% |
| 298 | PHILLIPS | KAITLYN RUTH | 0.20% |
| 299 | PHILLIPS | VALERIE C. | 0.31% |
| 300 | PIECUCH | CASANDRA | 0.16% |
| 301 | PIFFERITTI | AMBER | 0.21% |
| 302 | PLUMB | DARIAN | 0.08% |
| 303 | PORTER | CHRISTINE | 0.72% |
| 304 | PORTILLO | AUGUSTIN | 0.51% |
| 305 | POSTHUMUS | ANNA | 0.18% |
| 306 | POTCHKA | KATE | 0.04% |
| 307 | POWELL | LAURYN DANIELLE | 0.02% |
| 308 | POWELL | SKYELA | 0.01% |
| 309 | PRESLEY | CHELSEA R. | 1.13% |
| 310 | PROCTOR | JANNA D. | 0.14% |
| 311 | RABINEAU | PAIGE S. | 0.72% |
| 312 | RABINEAU | SKYE A. | 1.06% |
| 313 | RATLIFF-BARKHOLZ | MORGAN | 0.003% |
| 314 | RAUCH | CHELSIE | 0.17% |
| 315 | REAMER | ROBERT (CHAD) | 0.34% |
| 316 | RECK | MIRIAM | 0.18% |
| 317 | REED (HIGH) | ASHLEY | 0.003% |
| 318 | REINCKE | HALEY | 0.05% |
| 319 | REYNOLDS | ELIZABETH | 0.06% |
| 320 | RICE | KARRY MARIE | 0.01% |
| 321 | RICHARDS | TRISHA LOUISE | 0.41% |
| 322 | RIFFLE | ANDREA | 0.30% |
| 323 | RING | GRANT DEWITT | 0.01% |
| 324 | RISKE | SONDRA | 0.01% |
| 325 | RIVERA | VIRGINIA | 0.12% |
| 326 | ROBERTS | ALECIA | 0.02% |
| 327 | ROBERTSON | CARMAN | 0.32% |
| 328 | ROBINSON | MONA | 0.26% |
| 329 | ROBINSON WEBB | SANDRA | 0.05% |
| 330 | RODRIGUEZ | ANDREA | 0.03% |
| 331 | ROOKS | CRYSTAL V. | 0.37% |
| 332 | ROOTS | BRITTANY | 0.09% |
| 333 | ROSS | ANDITA | 0.01% |
| 334 | RYBAK | SHERI | 0.08% |
| 335 | RZONCA | NICOLE | 0.36% |
| 336 | Sabin | Ashley | 0.56% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

| | Last Name | First Name | Pro Rata Factor |
|---|---|---|---|
| 337 | SCHENKER JONES | KAYLA | 0.09% |
| 338 | SCHUTZ | MATTHEW | 0.06% |
| 339 | SCHWEISTHAL | NICK | 0.08% |
| 340 | SCOBY | CLARISSA B. | 0.17% |
| 341 | SCROGGIN | KIMBERLY | 1.34% |
| 342 | SEELMAN | TAMMY M. | 0.02% |
| 343 | SEUDATT | NATRAM | 0.09% |
| 344 | SHAMBURGER | DANIALLE R. | 0.03% |
| 345 | SHAPIRO | MAGAN | 0.28% |
| 346 | SHAW | LAUREN | 0.13% |
| 347 | SHEPARD | MICHAEL | 0.17% |
| 348 | SHIMKO | MELISSA | 0.28% |
| 349 | SHOOK | COURTNEY | 0.000% |
| 350 | SHOUP | ALICIA A. | 0.15% |
| 351 | SLOVER | CHRISTY | 0.18% |
| 352 | SMITH | MADDISON | 0.38% |
| 353 | SMITH | MICHAEL | 0.000% |
| 354 | SMITH | PRECIOUS | 0.51% |
| 355 | SMOOT | ALAINA | 0.16% |
| 356 | SORENSON | KIMBERLY | 0.27% |
| 357 | SPRINGSTEEN | AMANDA | 0.03% |
| 358 | STAKER | MELISSA | 0.07% |
| 359 | STAKER JR. | TONY | 0.06% |
| 360 | STANFIELD | DOMINIQUE | 0.67% |
| 361 | STEVENSON | RONNIE | 0.07% |
| 362 | STEWART | BRITTANY | 0.40% |
| 363 | STICKLES | JESSICA | 0.09% |
| 364 | STORY | SABRINA M. | 0.05% |
| 365 | STROBEL | REBECCA | 0.08% |
| 366 | STROUP | MARLA | 0.29% |
| 367 | SUAREZ | DAYANA LIZETH | 0.02% |
| 368 | SULLIVAN | KELSEY LEIGH | 0.01% |
| 369 | SUMME | SAMANTHA | 0.31% |
| 370 | SUTTON | ANTWON | 0.02% |
| 371 | TALLMAN | CARRI | 0.01% |
| 372 | TAYLOR | DAVID | 0.13% |
| 373 | TAYLOR | JESSIE | 0.30% |
| 374 | TAYLOR | KALONI | 0.05% |
| 375 | TAYLOR | MISTIE MAE | 0.003% |
| 376 | TAYLOR | RONA | 0.16% |
| 377 | TERRY | JENNA | 0.04% |
| 378 | THARP | NICHOLAS ROYAL | 0.20% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

|  | Last Name | First Name | Pro Rata Factor |
|---|---|---|---|
| 379 | THOMAS | DUSTIN | 0.12% |
| 380 | THOMAS | KATHERINE | 0.14% |
| 381 | THOMASSON | MELODY B.. | 0.82% |
| 382 | THOMPSON | WILLIAM | 0.08% |
| 383 | THORN | BAILEY | 0.26% |
| 384 | TIDWELL | ANTOINETTE | 0.10% |
| 385 | TIMMONS | ALANA | 0.03% |
| 386 | TODD | SARA | 0.13% |
| 387 | TOOMBS | KARLA E. | 0.63% |
| 388 | TORRES | LETICIA | 0.22% |
| 389 | TUNSTALL | AALIYAH U. | 0.04% |
| 390 | TURNER | DENETRA | 0.17% |
| 391 | TURONEK | DANIELLE | 0.003% |
| 392 | UVANNI | ELIZABETH C. | 0.02% |
| 393 | VALDEZ | TIFFANIE M. | 0.01% |
| 394 | VANDYKE | TAYLOR | 0.05% |
| 395 | VARGAS | JESSICA | 0.18% |
| 396 | VELASQUEZ | NATANIEL | 0.26% |
| 397 | VICE | AYZIA | 0.17% |
| 398 | VOGEL | KELLY | 0.17% |
| 399 | VOGHT | CHANDLER | 0.67% |
| 400 | WALKER | GBALEE | 0.06% |
| 401 | WAMSER | TINA | 0.13% |
| 402 | WARD | KATELYN | 0.03% |
| 403 | WASHINGTON | KARIMA | 0.03% |
| 404 | WATTRICK | ADAM | 0.04% |
| 405 | WATTS | DESTINEE FAITH | 0.06% |
| 406 | WEAVER | TRISHA | 0.41% |
| 407 | WEEKS | MORGYN | 0.08% |
| 408 | WERMANN NEWLAND | SHANA PATRICE | 0.002% |
| 409 | WEST | JORDAN | 0.06% |
| 410 | WHITELEY | CHELSEA | 0.02% |
| 411 | WHITMYER III | LARRY M. | 0.29% |
| 412 | WILHELM | KATELYN | 0.22% |
| 413 | WILKERSON | BRITTANY | 0.04% |
| 414 | WILLIAMS | DEREK | 0.40% |
| 415 | WILLIAMS | EMILY A. | 0.06% |
| 416 | WILLIAMS | JASMINE | 0.13% |
| 417 | WILLIAMS | MARISA | 0.02% |
| 418 | WILLS | ALAINA | 1.32% |
| 419 | WINN | KELSEY | 1.05% |
| 420 | WINN | TORI | 0.02% |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit A - Settlement Class List**

|     | Last Name | First Name | Pro Rata Factor |
|-----|-----------|------------|-----------------|
| 421 | WISNIEWSKI | ABBY | 0.82% |
| 422 | WYATT-BUFORD | JAMEILAH BRANIELLE | 0.04% |
| 423 | YAGER | EMILY | 0.23% |
| 424 | YAWN | MICHAELLE | 0.05% |
| 425 | YOHEY | AMANDA | 0.07% |
| 426 | YOUNG-SHEAD | STEPHANIE M. | 0.12% |
| 427 | ZAHM | EMILY | 0.01% |
| 428 | ZIMMERMAN | SKYLER | 0.11% |

# EXHIBIT B

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit B - Paid for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| ABRAMS | ANGELLA |
| ACKERMAN | ASHLEY |
| AGUILAR | DIANA |
| ALVAREZ | MELISSA |
| AMICK | JUSTIN |
| ANDERSON | NATALIE |
| ANDERSON | SHANNON |
| ARNOLD-KRALL | STEPHEN |
| ARTIS | YASMIN |
| ATKINSON | CHELSEA B. |
| BALDWIN | LAMARKUS D. |
| BALES | PAULA J. |
| BANKSTON | LANESHIA |
| BARTON IVEY | LESLIE D. |
| BARTRAM | JARED DRAY |
| BAUMGARTNER | JENNIFER |
| BEACHAM | CYNTHIA |
| BECKLEY | JUSTIN |
| BEEDLE | JENNA |
| BENBENEK | JOSEPH |
| BENTLEY | BETHANY |
| BERTSCH | HALEY |
| BIRTELL | MELANIE |
| BISH | BRITTANI |
| BISHOP | DYLAN |
| BOLO | CODY |
| Boubion | Sarah |
| Bratcher | Kayla |
| BROOKE | SAMANTHA |
| BROOKS | ANGELA |
| BROWN | QUIANA |
| BROWN SHAFFER | DANIELLE |
| BUNCH | KIERA |
| BURGESON | BRONSON |
| Burk | Paul |
| BUSTOS | ALEXANDRA |
| BUTTS | ELIZABETH |
| CALDWELL | AUMARIA |
| CALDWELL | KAYLA M. |
| CAPRINO | CARA |
| CAROW | TIA MILLER. |
| CASTRO | BRITTANY |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit B - Paid for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| CAUDILL | ARISSA |
| CHAFFEE | SHELBY |
| CHAMBERS | CHANIQUIA |
| CHAPPELL | GABRIELLE |
| Chatman | Matilda |
| CHEW | CHLOE |
| CHOATE | BILLY |
| CHURCH | MEGAN |
| CLAHAN | BRIAN |
| CLEMENTS | JESSICA |
| CLIFFORD | ASHLEY |
| COFFEY | MEGAN |
| CONRAD | CIARA |
| COOK | LAKAELA |
| COOPER | CHARLES |
| COOPER | HEATHER |
| Cox-White | Keith M. |
| CRAWFORD | BAILEY |
| CRISTOFOLINI-ANDORFER | ELENA |
| CROCKETT | KAYLA |
| CULP | CHELSAE |
| CUSTER | JESSICA |
| DARDICK | JASON |
| DAVID | NATASHIA CHRISTINE |
| DAVIDSON | TIFFANY MARIE |
| DAVISON | NIKKI |
| DIBBLE | KILEA |
| DIEDERICH | KIM |
| DONICA | MARJORIE |
| DOUGHERTY | ZACHARY WILLIAM |
| DUNHAM | BRITTANY |
| DUNLAP | SARAH BARRETT |
| EARL | HAILEY BROOKE |
| ELBAOR | ALYSSIA H. |
| EMENHISER | BREANNA |
| EMERSON | AMANDA L. |
| ESAMANN | HALEY A. |
| EVANS | JAKOB D. |
| FEIDES PATE | KRISTIN M. |
| FERGUSON | ELIZABETH J. |
| FILBEY | BRANDON R. |
| FLORES | DASUE |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit B - Paid for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| FOGARTY LOBDELL | HEATHER DAWN |
| FRAZIER | AMANDA G. |
| FRIEND | SAMANTHA R. |
| FRISON | MINDY |
| FRYE | CIERA |
| Fulk | Lauren |
| GILL | KIERRA |
| GLAND | NATHAN |
| GODDARD | SAMANTHA H. |
| GONZALEZ | CATHY ANN |
| GRIMMETT | LAUREN ERIN |
| HANCE WARREN | AMANDA M. |
| HANDSHOE HERRON | CONNER E. |
| HARRIS | JENNIFER LYNN |
| Hartshorn-Deloach | Colin |
| HAYMANS | ROY |
| HEAD | STEPHANIE |
| Heinig | Joy |
| HEREZI | CHEYENNE S. |
| HERRON | STEPHANIE |
| HILDEBRAND | KAYLEE |
| HILL | CARTER |
| HO | KEVIN |
| HOLMES | JESSICA |
| HOOPER-HALDER | LISA |
| HUBBARD PUCHETA | CATHRYN |
| HUMPHREY | AIMIE |
| IMM | CALLI |
| JACKS | REBECCA LEIGH |
| JACKSON | CORY |
| JOHN-HELLER | ELIZABETH |
| JOHNSON | MARY |
| JONES | ARNIE |
| JONES | CLIFFORD |
| JONES | LATRICE |
| JOYCE ASKEW | HARLEE RAMONA |
| KATONA | RYAN |
| KEMPF | RACHELLE |
| KING | ASHLEY |
| KING | TINA |
| KIPFER | LINDSEY |
| KIXMILLER | HALEIGH BENEE |

**Knox v. The Jones Group**

**Settlement Agreement**

**Exhibit B - Paid for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| KLEIN | MADELYNN |
| KLINGER | TRAVIS E. |
| Knox | Kimberlee |
| KNOX | SHANTA RENNE |
| KRAMER | MICHAEL |
| LANGLOIS | JON |
| Lashbrook | Kaylee Jo |
| LATHAM | AUBREY |
| LAWRENCE | CRYSTAL NICOLE |
| LAWRENCE-CRICHLOW | AHLANNA |
| LEE | AMBER |
| LEISURE | SAMANTHA |
| Lester | Katherine Marie |
| LESTER | MICHAEL |
| LEWIS | JARED |
| LINK | ERIN |
| LONG | NICOLE |
| LOPEZ | AMANDA |
| LOWN | JADE VANESSA |
| LYNCH | PAMELA |
| MADDEN | CHRISTINA |
| MALISIAK | NICOLE |
| MANUEL | DESIREE MARIE |
| MARSHALL | CAITLIN |
| MARTIN | JESSICA |
| MATHEWS | BRITTNEY |
| Mayback | Janelle |
| MCCARTHY | DAVID |
| MEEK | JHAMAL |
| MIDDLESWORTH | EMILY |
| MILLER | BRANDY |
| MILLER | SHELLEY |
| MILLS | AUSTYN |
| MITCHELL | MEGAN |
| MOBLEY | TAYLOR |
| MONROE | CASSANDRA |
| MOORE | CHARLES |
| MOORE | NATALIE |
| MOSS | SIERRA |
| MUNOS | KIMBERLY E. |
| NEER | JODI |
| NETHERLAND | BROOKELYN |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit B - Paid for customer walkouts or cash shortages.**

| Last Name | First Name |
|-----------|------------|
| NEUBAUM | CHAD |
| NEWNUM | MELISSA |
| NEWNUM | MICHAELA |
| NICHOLSON | KATHERINE G. |
| NIKSCH | KATHRYN |
| NOWAK | AMANDA |
| OBERHOLZER | EMILY |
| ORT | ASHLEY |
| Osborne | Cole |
| OTT | BRANDI |
| OTTINGER THOMPSON | HEATHER |
| OVERSTREET | TIFFANY |
| OWENS | COURTNEY A. |
| PARKER | DEBRA |
| PARKER | JENNIFER JOAN |
| PASQUALE | HOLLY |
| PEGRAM | KAYLA |
| PERRY BENEDICT | NATASHA |
| PHILLIPS | KAITLYN RUTH |
| PHILLIPS | VALERIE C. |
| PIECUCH | CASANDRA |
| PIFFERITTI | AMBER |
| PLUMB | DARIAN |
| PORTER | CHRISTINE |
| POTCHKA | KATE |
| POWELL | LAURYN DANIELLE |
| POWELL | SKYELA |
| PRESLEY | CHELSEA R. |
| PROCTOR | JANNA D. |
| RABINEAU | SKYE A. |
| REAMER | ROBERT (CHAD) |
| RECK | MIRIAM |
| REINCKE | HALEY |
| RICHARDS | TRISHA LOUISE |
| RIFFLE | ANDREA |
| ROBERTS | ALECIA |
| ROOKS | CRYSTAL V. |
| ROOTS | BRITTANY |
| RZONCA | NICOLE |
| Sabin | Ashley |
| SCHUTZ | MATTHEW |
| SCHWEISTHAL | NICK |

**Knox v. The Jones Group**

**Settlement Agreement**

**Exhibit B - Paid for customer walkouts or cash shortages.**

| Last Name | First Name |
|-----------|------------|
| SCOBY | CLARISSA B. |
| SCROGGIN | KIMBERLY |
| SEELMAN | TAMMY M. |
| SHAMBURGER | DANIALLE R. |
| SHAPIRO | MAGAN |
| SHAW | LAUREN |
| SHEPARD | MICHAEL |
| SHIMKO | MELISSA |
| SHOOK | COURTNEY |
| SHOUP | ALICIA A. |
| SLOVER | CHRISTY |
| SMITH | MADDISON |
| SMITH | MICHAEL |
| SMITH | PRECIOUS |
| SMOOT | ALAINA |
| SORENSON | KIMBERLY |
| SPRINGSTEEN | AMANDA |
| STANFIELD | DOMINIQUE |
| STEVENSON | RONNIE |
| STEWART | BRITTANY |
| STICKLES | JESSICA |
| STROBEL | REBECCA |
| STROUP | MARLA |
| SUMME | SAMANTHA |
| SUTTON | ANTWON |
| TALLMAN | CARRI |
| TAYLOR | JESSIE |
| TAYLOR | KALONI |
| TERRY | JENNA |
| THARP | NICHOLAS ROYAL |
| THOMAS | DUSTIN |
| THOMAS | KATHERINE |
| THOMASSON | MELODY B.. |
| THORN | BAILEY |
| TIMMONS | ALANA |
| TODD | SARA |
| TOOMBS | KARLA E. |
| TURNER | DENETRA |
| TURONEK | DANIELLE |
| VALDEZ | TIFFANIE M. |
| VARGAS | JESSICA |
| VOGHT | CHANDLER |

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit B - Paid for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| WALKER | GBALEE |
| WARD | KATELYN |
| WASHINGTON | KARIMA |
| WEAVER | TRISHA |
| WEEKS | MORGYN |
| WHITMYER III | LARRY M. |
| WILHELM | KATELYN |
| WILLIAMS | DEREK |
| WILLIAMS | JASMINE |
| WILLIAMS | MARISA |
| WILLS | ALAINA |
| WINN | KELSEY |
| WISNIEWSKI | ABBY |
| WYATT-BUFORD | JAMEILAH BRANIELLE |
| YAGER | EMILY |
| YAWN | MICHAELLE |
| YOHEY | AMANDA |
| YOUNG-SHEAD | STEPHANIE M. |
| ZIMMERMAN | SKYLER |

# EXHIBIT C

**Knox v. The Jones Group**
**Settlement Agreement**
**Exhibit C - Did no pay for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| (RICHARDSON) PEETZ | LACI |
| ALLEN | JARROD |
| ANGULO | IVEY NICOLE |
| APPLEBEE | STACY |
| ARROYO | JOSEPH L. |
| ATWOOD | ALENA |
| BAKER | SARAH J. |
| BARKSDALE | JACOBE |
| BARNUM | JAMIE O. |
| BASSETT | DANIELLE ANN |
| BLACKSTOCK | NIJAH |
| BLOSSER | SARA |
| BOULE | ANNA |
| BOWMAN | KELLY |
| BRANCH | BRITTANY N. |
| BREEDING | ABBIGAIL |
| BRYANT | JAMI L. |
| BUIS | JEFFERY HUNTER |
| Burton | Casey |
| Buys | Elizabeth |
| CALDWELL | KATHLEEN |
| CARD | JACKIE |
| CARTER | PAIGE |
| CLANCY | BEVERLY |
| COBB | MICHELE D. |
| COLE | ZAYNE THOMAS |
| COSTIN | KATIE |
| COX | HALEY |
| CRUZ REYES | GABRIELA |
| CUNNINGHAM | CARRIE |
| DADOU | KAYLA |
| DAUGHERTY | TAYLOR MARIE |
| DAWSON | EMILY |
| DEJARNATT | KASSANDRA NICOLE |
| EDMONDS | JAMES M. |
| EDWARDS | SERINA L. |
| ELI | KAYLEA |
| ELISE EKSTRAND | ALYSSA ANN |
| ENDAHL | KELSEY |
| ETHRIDGE | TIARRA |
| FINNEGAN | SAMUEL |
| FLEET | KIARA |

**Knox v. The Jones Group**

**Settlement Agreement**

**Exhibit C - Did no pay for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| FLORER | TRAVIS |
| FLYNN | CASANDRA |
| FOSSMEYER | SHELLEY RENEE |
| FUENTES | MELISSA J. |
| Geraldi | TARA |
| GERBERS | JORDAN |
| GILLESPIE | SAMANTHA N. |
| GILLESPIE | WOODY D. |
| GODFREY | CHELSEA |
| GRADY | DONNA |
| GRAHAM | SHANNA |
| GREEN | JOSETTE |
| GROCE | MATTHEW |
| HARLOW | ASHLEIGH |
| HARRIS | ROCHELLE |
| HARTE | MEAGAN |
| HAUPT | TIFFANY |
| HAWKEY | KAITLIN ELAINE |
| HEETER | HEATHER SUE |
| HENDERSON | NIOMI J. |
| HERRON | CHARLEY |
| HILL | BRIANNA |
| HINES | MIRANDA |
| HORBETT | TASHA |
| HOWELL | JODY |
| HUBBARD | PAMELA N. |
| HUNTER | HANNAH ELIZABETH |
| ISLEY | TIFFANY |
| JEFFERS | HEATHER |
| JOHNSON | JASMINE SIERRA |
| KAHKOLA | BREANNA |
| KATTER | MARGARET |
| KELLEY | KENDALL ELIZABETH |
| KIMMERLING | KYRA |
| KNISELY | JASMIN |
| KONIGSTEIN | HEATHER JEAN |
| LANEY | APRIL MARIE |
| LIEBING | CARY |
| LUTZ | ASHLEY |
| MALUK | MEGAN |
| MARTINELLE | STEPHANIE NICOLE |
| MARTINEZ | TINA |

**Knox v. The Jones Group**

**Settlement Agreement**

**Exhibit C - Did no pay for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| MASON | VICKIE |
| MATHEWS | TIARA D. |
| MAUGHERMAN | AMBER |
| MCCUBBINS | HAILEIGH |
| MCCUE | DAVID |
| MCKINNEY | CHRISTOPHER |
| MCLAIN | SHAINA |
| MCMILLAN | HALIE LOUISE |
| MEADOWS | ASHLEY |
| MIERAS | ASHLEY NICOLE |
| MITCHELL | HANNAH RUTH |
| MULLINS | CONNER |
| MURDOCK | CHEYANNE |
| MURPHY | STACY |
| MYERS | MORGAN |
| Nava | Vanessa P. |
| NICKELS | LATASHA M. |
| NIKSCH | KIMBERLY |
| NORMAN | MARY ANN |
| OLSAVSKY | HOLLY |
| OVERBAY | KAYLA |
| OVERSTREET | KAILA |
| PARSON | TAIZHE A. |
| Payne | Annalea |
| PEARSON | HUNTER |
| PEREZ | CHRISTIAN |
| PEREZ | TABATHA |
| PORTILLO | AUGUSTIN |
| POSTHUMUS | ANNA |
| RABINEAU | PAIGE S. |
| RATLIFF-BARKHOLZ | MORGAN |
| RAUCH | CHELSIE |
| REED (HIGH) | ASHLEY |
| REYNOLDS | ELIZABETH |
| RICE | KARRY MARIE |
| RING | GRANT DEWITT |
| RISKE | SONDRA |
| RIVERA | VIRGINIA |
| ROBERTSON | CARMAN |
| ROBINSON | MONA |
| ROBINSON WEBB | SANDRA |
| RODRIGUEZ | ANDREA |

**Knox v. The Jones Group**

**Settlement Agreement**

**Exhibit C - Did no pay for customer walkouts or cash shortages.**

| Last Name | First Name |
|---|---|
| ROSS | ANDITA |
| RYBAK | SHERI |
| SCHENKER JONES | KAYLA |
| SEUDATT | NATRAM |
| STAKER | MELISSA |
| STAKER JR. | TONY |
| STORY | SABRINA M. |
| SUAREZ | DAYANA LIZETH |
| SULLIVAN | KELSEY LEIGH |
| TAYLOR | DAVID |
| TAYLOR | MISTIE MAE |
| TAYLOR | RONA |
| THOMPSON | WILLIAM |
| TIDWELL | ANTOINETTE |
| TORRES | LETICIA |
| TUNSTALL | AALIYAH U. |
| UVANNI | ELIZABETH C. |
| VANDYKE | TAYLOR |
| VELASQUEZ | NATANIEL |
| VICE | AYZIA |
| VOGEL | KELLY |
| WAMSER | TINA |
| WATTRICK | ADAM |
| WATTS | DESTINEE FAITH |
| WERMANN NEWLAND | SHANA PATRICE |
| WEST | JORDAN |
| WHITELEY | CHELSEA |
| WILKERSON | BRITTANY |
| WILLIAMS | EMILY A. |
| WINN | TORI |
| ZAHM | EMILY |

# EXHIBIT D

**Knox v. The Jones Group**

**Settlement Agreement**

**Exhibit D - Deponents**

| Last Name | First Name |
|---|---|
| ANGULO | IVEY NICOLE |
| CONRAD | CIARA |
| COX | HALEY |
| DAVIDSON | TIFFANY MARIE |
| DUNHAM | BRITTANY |
| FLORES | DASUE |
| FLYNN | CASANDRA |
| GILL | KIERRA |
| GRADY | DONNA |
| JACKSON | CORY |
| KING | ASHLEY |
| LEE | AMBER |
| MIDDLESWORTH | EMILY |
| MILLER | SHELLEY |
| MOSS | SIERRA |
| NIKSCH | KIMBERLY |
| OVERBAY | KAYLA |
| RABINEAU | PAIGE S. |
| SCHENKER JONES | KAYLA |
| SHAW | LAUREN |
| STICKLES | JESSICA |
| WILKERSON | BRITTANY |

# EXHIBIT E

**Knox v. The Jones Group**

**Settlement Agreement**

**Exhibit E - Declarants**

| Last Name | First Name |
|-----------|------------|
| ANDERSON | SHANNON |
| Buys | Elizabeth |
| Fulk | Lauren |
| Lashbrook | Kaylee Jo |
| Mayback | Janelle |
| Nava | Vanessa P. |
| Payne | Annalea |
| TAYLOR | RONA |

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **KIMBERLEE KNOX and KAYLA BRATCHER** | ) | |
| **on behalf of themselves and all other persons** | ) | |
| **similarly situated, known and unknown,** | ) | **Case No. 15-cv-1738 SEB-TAB** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE JONES GROUP, AVON WINGS, LLC** | ) | |
| **d/b/a Buffalo Wild Wings, BW WINGS** | ) | |
| **MANAGEMENT LLC, COLDWATER** | ) | |
| **WINGS, LLC, COLONIAL WINGS, LLC,** | ) | |
| **COOL WINGS, LLC, DANVILLE WINGS II,** | ) | |
| **LLC, GREENCASTLE WINGS, LLC,** | ) | |
| **MECHANICSVILLE WINGS, LLC,** | ) | |
| **SHELBYVILLE WINGS, LLC,** | ) | |
| **VINCENNES WINGS, LLC, ANGOLA WINGS,** | ) | |
| **LLC, AUBURN WINGS, LLC, BROOKLYN** | ) | |
| **WINGS, LLC, CHESTER WINGS, LLC,** | ) | |
| **DANVILLE WINGS, LLC, FAIRVIEW WINGS,** | ) | |
| **LLC, FARMVILLE WINGS, LLC, HOOSIER** | ) | |
| **WING IT II, LLC, HOOSIER WING IT, LLC,** | ) | |
| **LAPORTE WINGS, LLC,  LEBANON WINGS,** | ) | |
| **LLC, LOGANSPORT WINGS, LLC, LP WING** | ) | |
| **IT, LLC, MAYSVILLE WINGS, LLC, MBM** | ) | |
| **OHIO, LLC, MUNCIE WINGS, LLC, NEW** | ) | |
| **CASTLE WINGS, LLC, PORTAGE WINGS,** | ) | |
| **LLC, SHORT PUMP WINGS, LLC, SOUTHERN** | ) | |
| **PINES WINGS, LLC, ST. JOE WINGS, LLC,** | ) | |
| **STURGIS WINGS,  LLC, WARSAW WINGS,** | ) | |
| **LLC, and WASHINGTON WINGS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT, FOR APPOINTMENT OF SETTLEMENT ADMINISTRATOR, AND FOR APPROVAL OF AWARDS OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

Plaintiffs Kimberlee Knox and Kayla Bratcher advise the court that the Parties have reached an agreement to resolve this suit. They now move for approval of the Settlement. Defendants do not oppose the motion. Having reviewed Plaintiffs' motion and supporting evidentiary submissions, the Court finds that the terms set forth in the Joint Stipulation of Settlement represent a fair and reasonable resolution of a *bona fide* dispute, the terms of which are incorporated by reference into this Order. Plaintiffs' Motion for Approval of Settlement is **GRANTED**.

**SO ORDERED** this __ day of _____ 2017.

_____
Timothy A. Baker
United States Magistrate Judge
Southern District of Indiana

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **KIMBERLEE KNOX and KAYLA BRATCHER** | ) | |
| **on behalf of themselves and all other persons** | ) | |
| **similarly situated, known and unknown,** | ) | **Case No. 15-cv-1738 SEB-TAB** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE JONES GROUP, AVON WINGS, LLC** | ) | **JURY DEMANDED** |
| **d/b/a Buffalo Wild Wings, BW WINGS** | ) | |
| **MANAGEMENT LLC, COLDWATER** | ) | |
| **WINGS, LLC, COLONIAL WINGS, LLC,** | ) | |
| **COOL WINGS, LLC, DANVILLE WINGS II,** | ) | |
| **LLC, GREENCASTLE WINGS, LLC,** | ) | |
| **MECHANICSVILLE WINGS, LLC,** | ) | |
| **SHELBYVILLE WINGS, LLC,** | ) | |
| **VINCENNES WINGS, LLC, ANGOLA WINGS,** | ) | |
| **LLC, AUBURN WINGS, LLC, BROOKLYN** | ) | |
| **WINGS, LLC, CHESTER WINGS, LLC,** | ) | |
| **DANVILLE WINGS, LLC, FAIRVIEW WINGS,** | ) | |
| **LLC, FARMVILLE WINGS, LLC, HOOSIER** | ) | |
| **WING IT II, LLC, HOOSIER WING IT, LLC,** | ) | |
| **LAPORTE WINGS, LLC,  LEBANON WINGS,** | ) | |
| **LLC, LOGANSPORT WINGS, LLC, LP WING** | ) | |
| **IT, LLC, MAYSVILLE WINGS, LLC, MBM** | ) | |
| **OHIO, LLC, MUNCIE WINGS, LLC, NEW** | ) | |
| **CASTLE WINGS, LLC, PORTAGE WINGS,** | ) | |
| **LLC, SHORT PUMP WINGS, LLC, SOUTHERN** | ) | |
| **PINES WINGS, LLC, ST. JOE WINGS, LLC,** | ) | |
| **STURGIS WINGS,  LLC, WARSAW WINGS,** | ) | |
| **LLC, and WASHINGTON WINGS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF DOUGLAS M. WERMAN

I, Douglas M. Werman, declare as follows:

1

1. I am a member in good standing of the Illinois State Bar and am the managing shareholder of Werman Salas P.C. I submit this declaration in support of Plaintiffs' Unopposed Motion for Approval of Settlement, for Appointment of Settlement Administrator, and for Approval of Service Awards and Attorneys' Fees and Costs.

2. I have personal knowledge of the factual matters set forth in this declaration.

**My Experience**

3. I graduated from Loyola University of Chicago's School of Law in 1990. I received my undergraduate degree from the University of Illinois, Champaign-Urbana, in 1987. I was admitted to practice law in the State of Illinois in 1990. During the entire course of my legal practice, I have practiced primarily in the area of labor and employment law. Since 2001, my practice has been highly concentrated in representing employees in cases arising under federal and state wage and hour laws.

4. I am admitted in the following courts:

| COURT OF ADMISSION | DATE OF ADMISSION |
|---|---|
| State of Illinois | 11/08/1990 |
| Northern District of Illinois | 12/20/1990 |
| Seventh Circuit Court of Appeals | 08/05/1994 |
| Western District of Michigan | 06/24/1999 |
| Central District of Illinois | 03/30/2001 |
| Eastern District of Michigan | 03/25/2003 |
| Southern District of Illinois | 04/08/2010 |
| Northern District of Indiana | 10/25/2010 |
| Second Circuit Court of Appeals | 11/21/2013 |
| Eleventh Circuit Court of Appeals | 05/06/2015 |
| Western District of New York | 07/22/2015 |
| Federal Claims Court | 08/13/2015 |
| Southern District of Indiana | 11/05/2015 |
| Eastern District of Arkansas | 12/04/2015 |
| Tenth Circuit Court of Appeals | 04/21/2016 |
| Ninth Circuit Court of Appeals | 05/20/2016 |
| District of Colorado | 06/06/2017 |

5.      My published cases in the area of wage and hour and employment law exceed 190 decisions, and include *Ervin v. OS Rest. Servs.*, 632 F.3d 971 (7th Cir. 2011), the leading appellate decision addressing the propriety of a combined Rule 23 class action and a FLSA collective action under 29 U.S.C. § 216(b).

6.      I was a co-author of the National Employment Lawyers Association ("NELA") *amicus* brief filed in the case *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872 (8th Cir. 2011) *cert. denied* ___ U.S. ___, 181 L. Ed. 2d 977 (Jan. 17, 2012), which deals with Section 3(m) of the Fair Labor Standards Act, and what duties a tipped employee may lawfully perform while receiving a tip-credit wage rate. I was also a co-author of the NELA *amicus* brief filed in the case *Roach v. T.L. Cannon Corp.*, which resulted in the successful appeal and reversal of a district court's decision denying class certification on the grounds that individualized damages in a wage and hour class action defeated predominance under Fed. R. Civ. P. 23(b)(3). *Roach v. T.L. Cannon Corp.*, No. 13-3070-CV, 2015 WL 528125 (2d Cir. Feb. 10, 2015). The *Roach* decision is a leading appellate decision addressing the impact of the United States Supreme Court decision in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) on the predominance prong of Fed. R. Civ. P. 23(b)(3) in wage and hour class actions.

7.      I am a frequent speaker and author on wage and hour matters. Some examples of my speaking engagements are:

| | |
|---|---|
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Co-Counseling & Cooperating with Other Plaintiffs' Lawyers |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Who is an Employer & Who is an Employee? |
| Federal Bar Association, Chicago Chapter, Moderator, 2016 | Enforcement and Litigation Priorities: EEOC, NLRB, DOL |

| National Employment Lawyers Association National Convention, Washington, D.C., 2015 | Settlement Issues in Settling Wage and Hour Class and Collective Actions |
| American Bar Association, Fair Labor Standards Legislation Committee, Puerto Vallarta, Mexico 2015 | Litigation Issues in Wage and Hour Class and Collective Actions |
| Bridgeport Legal Conferences, Wage and Hour Class Action, Chicago, 2015 | Settlement of Wage and Hour Class Actions |
| Practicing Law Institute, Chicago, 2013, 2014, 2015 | FLSA Wage and Hour Update |
| Chicago Bar Association, Class Litigation Committee, 2011 | Current Terrain in Class Action Litigation |
| Illinois Institute of Continuing Legal Education, 2008 | Litigating Class Action Claims |
| AFL-CIO Lawyers Coordinating Committee, 2008 | Arbitrating Wage and Hour Cases |

8.      I am a member of the Board of Editors of the leading treatise on the Fair Labor Standards Act, entitled, "Kearns, *The Fair Labor Standards Act*," published by Bloomberg BNA in conjunction with the American Bar Association Section of Labor and Employment Law. Before being elevated to the Board of Editors in 2016, I was the Senior Chapter Editor of Chapter 20 ("Hybrid" FLSA/State Law Actions") of that same treatise.

9.      In 2012, I was a recipient of the Thirteenth Annual Award for Excellence in Pro Bono Service awarded by the United States District Court for the Northern District of Illinois, in conjunction with the Chicago Chapter of the Federal Bar Association.

10.      I have been lead counsel in nearly seven hundred (700) cases filed in the state and federal courts relating to the recovery of unpaid wages. The majority of these cases proceeded as collective actions under § 216(b) of the FLSA and/or set forth class action claims under Fed. R. Civ. P. 23.  These cases include: *Ortiz v. Manpower*, Inc., No. 12 C 5248 (N.D. Ill. August 21, 2012) (class comprising over 85,000 employees); *Arrez v. Kelly Services, Inc.,* No. 07 C 1289 (N.D. Ill.) (class action for unpaid wages for over 95,000 employees) and *Polk v. Adecco*, No. 06 CH 13405 (Cook County, Il.)(class action for owed pay for over 36,000 employees); *Romo v.*

4

*Manpower,* No. 09 C 3429 (N.D. Ill. January 18, 2012); *Robbins v. Blazin Wings, Inc.,* No. 15-CV-6340 CJS, 2016 WL 1068201, at *1 (W.D.N.Y. Mar. 18, 2016)(step one FLSA certification of a collective of 62,000 tipped employees); *Garcia v. JC Penney Corp., Inc.*, No. 12-CV-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016) (class action for owed pay for over 36,000 employees); *Haschak v. Fox & Hound Rest. Grp.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012); *Schaefer v. Walker Bros. Enters., Inc.,* No. 10 C 6366, 2012 U.S. Dist. LEXIS 65432, at *4 (N.D. Ill. May 7, 2012); *Kernats v. Comcast Corp. Inc.,* Nos. 09 C 3368 and 09 C 4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010); *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) & *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, at *15 (N.D. Ill. Mar. 2, 2012) (19,000 tipped employees, decertification denied); *Schmidt v. Smith & Wollensky,* 268 F.R.D. 323 (N.D. Ill. 2010); *Hardaway v. Employbridge of Dallas, et al*., No. 11 C 3200 (N.D. Ill.); *Williams v. Volt*, No. 10 C 3927 (N.D. Ill.)(IWPCA class action for owed pay for over 15,000 employees); *Rosales v. Randstad*, No. 09 C 1706 (N.D. Ill.); *Rusin v. Chicago Tribune,* No. 12 C 1135 (N.D. Ill. February 5, 2013); and *Peraza v. Dominick's Finer Foods, LLC,* No. 11 C 8390 (N.D. Ill. November 20, 2012). These and other cases have successfully recovered more than $100,000,000 in owed wages for many thousands of working people.

### The Litigation and Settlement

11.     On November 3, 2015, Plaintiffs filed this Action in the United States District Court for the Southern District of Indiana, on behalf of themselves and others similarly situated, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. 201, *et. seq.*, ("FLSA"). Plaintiffs alleged that Defendants failed to pay their servers and bartenders in accordance with the tip-credit provisions of the FLSA by (1) requiring servers and bartenders to

perform improper types, and excessive amounts, of non-tipped work, and (2) by requiring servers and bartenders to reimburse Defendants from their tips for customer walkouts and cash drawer shortages while paying them sub-minimum, tip-credit wages. The Parties litigated this case extensively. Some of the motion, discovery, and settlement history is detailed below.

12.     On December 3, 2015, Defendants filed a Motion to Dismiss the Complaint. ECF No. 14. On January 14, 2016, Plaintiffs filed their response to Defendants' Motion. ECF No. 24.

13.     On January 29, 2016, Plaintiffs filed their motion for Step-One Notice pursuant to 29 U.S.C. § 216(b), for an order authorizing Plaintiffs' counsel to issue notice of this collective action, to all current and former employees of Defendants' Buffalo Wild Wings restaurants who were paid sub-minimum wages in the prior three years.  ECF No. 27. On March 9, 2016, Defendants filed their Opposition to Plaintiffs' Motion for Step-One Notice. ECF No. 45. On March 23, 2017, Plaintiffs' filed their Reply in Further Support of their Motion for Step-One Notice. ECF No. 47.

14.     On February 12, 2016, Defendants filed a Motion to Stay Proceedings or Set a Briefing Schedule while their Motion to Dismiss was pending. ECF No. 37.  On February 15, 2016, Plaintiffs filed their Opposition to Defendants' Motion to Stay.  ECF No. 38.

15.     On May 13, 2016, Plaintiffs filed a Motion to Compel Defendants to Supplement their Rule 26(a)(1) Disclosures. ECF No. 56. On May 31, 2016, Defendants filed an opposition to Plaintiffs' motion. ECF No. 61. On June 6, 2016, Plaintiffs filed a reply in support of their Motion to Compel. ECF No. 63.

16.     On June 24, 2016, the Court Ordered that its ruling on Defendants' Motion to Dismiss would be delayed until after the Seventh Circuit's decision in *Schaefer v. Walker Bros.*, but not more than six months. ECF No. 66. On July 19, 2016, Plaintiffs filed a Motion to

Supplement Their Response to Defendants' Motion to Dismiss with the *Schaeffer* decision. ECF No. 68.  On July 22, 2016, Defendants likewise filed a Motion for Leave to Submit Supplemental Authority in support of their Motion to Dismiss. The Court granted both motions on July 26, 2016. ECF No. 70-71.

17.     On July 27, 2016, Plaintiffs filed an Unopposed Motion for Leave to File their First Amended Complaint, adding nine corporate entities within the Jones Group as additional named defendants. ECF No. 72.  On August 1, 2016, the Court granted Plaintiffs' motion and the following day Plaintiffs' filed their First Amended Complaint.

18.     On August 15, 2016, the Court denied Defendants' motion to dismiss. ECF No. 77.

19.     On September 16, 2016, the Court granted Plaintiffs' Motion for Step-One Notice; granted Defendants' Motion for Leave to Submit Supplemental Authority in support of Defendants' opposition to Plaintiffs' motion for Step-One notice although the Court noted that this did not change the outcome; denied Plaintiffs' Motion to Toll the Statute of Limitations; and granted Plaintiffs' Motion to Compel Defendants to Supplement their Rules 26(a)(1) Disclosures. ECF No. 80.

20.     On September 20, 2016, Defendants' filed their Motion for Partial Reconsideration of the September 16, 2016 order insofar as it granted Plaintiffs' Motion to Compel. ECF No. 81.  On October 3, 2016, Plaintiffs' filed their Response to Defendants' Motion for Partial Reconsideration. ECF No. 93.  On October 10, 2016, Defendants' filed their Reply in Support of their Motion for Partial Reconsideration. ECF No. 95. On October 18, 2016 the Court granted in part Defendants' Motion for Partial Reconsideration, correcting two factual errors and clarifying its order, but gave Defendants' no substantive relief. ECF No. 96.

7

21.     On October 14, 2016, notices were mailed to the putative class, and the sixty day notice period closed January 13, 2017. Five hundred and fifty-nine (559) current and former servers and bartenders filed consents to join the case.

22.     On February 28, 2017, Plaintiffs' moved for leave to file a Second Amended Complaint, for the purpose of adding as Defendants the remaining limited liability companies associated with each of the restaurants where the Plaintiffs and opt-in Plaintiffs worked, and to clarify that Defendants' operated as limited liability companies, and not as corporations, as the First Amended Complaint indicated. ECF No. 144. On March 13, 2017, the Court granted Plaintiffs' motion and Plaintiffs' filed their Second Amended Complaint that same day. ECF No. 146.

23.     On March 21, 2016, Plaintiffs served written discovery requests on Defendants, including Plaintiffs' First Set of Requests to Admit, First Requests for Production of Documents, and First Set of Interrogatories. On April 14, 2016, Plaintiffs served supplemental written discovery requests on Defendants.  On dates between May 23, 2016 and May 15, 2017, Defendants served thirty-four (34) separate written discovery responses; produced over sixteen thousand (16,000) pages of paper documents and tens of thousands of pages of electronic documents.

24.     On March 23, 2016, the Parties served their Federal Rule of Civil Procedure 26(a)(1) Disclosures. On November 17, 2016 and January 3, 2017, following motion practice described above, Defendants served revised Rule 26(a)(1) Disclosures and on May 18, 2016, May 22, 2017, June 20, 2017 and June 29, 2017, Plaintiffs served supplemental Rule 26(a)(1) disclosures.

25.     On or about April 6, 2017, Defendants served written interrogatories on

8

approximately 543 opt-in Plaintiffs.  On June 5, 2017, Plaintiffs served 374 of written interrogatory responses.

26.     Defendants took twenty-four (24) depositions of Plaintiffs, including the two Named Plaintiffs. Plaintiffs took six (6) depositions, including a Rule 30(b)(6) deposition of Defendants.

27.     On April 6, 2017, the Court held a telephone status conference with the parties as which discovery, settlement and related matters were discussed. On April 7, 2017, the Court issued an Order setting a settlement conference for July 7, 2017 to take place before Magistrate Judge Tim Baker. ECF No. 151.

28.     Defendants produced time and payroll records for all servers and bartenders who were employed by Defendants during the class period. Plaintiffs' counsel used this data to calculate the amount of minimum wages allegedly owed to Plaintiffs and all Opt-In Plaintiffs.

29.     On June 23, 2017, Plaintiffs served a written settlement proposal on Defendants, which addressed relevant facts, damages and pending or anticipated dispositive or other motions. On June 30, 2017, Defendants served their written response and prospective proposal.

30.     On July 7, 2016, the parties appeared in person before Magistrate Judge Tim Baker. Following a full day of Court-sponsored settlement conference, the Parties settled this matter subject to Court approval.

31.     The Settlement Payments range from a minimum payment of $25.00 to a maximum payment of $9,717.72, and the average Settlement Payment of $1,285.18.  These payments from the Net Settlement Fund represent a 37.5% forfeiture of the tip credit for every week that Opt-in Plaintiffs worked with regard to the dual jobs claim and a 37.5% forfeiture of the tip credit for every week that Opt-In Plaintiffs worked prior to November 16, 2015. Inasmuch

9

as Plaintiffs alleged that they spent 35%-40% of their time performing dual jobs, and inasmuch as Defendants alleged Plaintiffs could only recover on their walk-out claims for the individual work weeks that they suffered such a charge-back, this is an outstanding result and more than fair and reasonable.

### Plaintiffs' Attorneys and Named Plaintiff Support the Settlement

32.     Plaintiffs' Counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement. Based on Plaintiffs' Counsel's knowledge of the case and the applicable law, as well as their experience in numerous similar wage and hour collective actions, Plaintiffs' Counsel believe the Settlement is fair and reasonable.

33.     The Named Plaintiff supports the settlement and no potential Opt-In Plaintiff has raised an objection or concern regarding the settlement or their individual payment amounts.

### The Named Plaintiffs and Other Opt-In Plaintiffs Were Critical to the Resolution of the Claims and Are Entitled to Service Awards

34.     The Joint Stipulation contemplates providing Service Awards to Named Plaintiffs Kimberlee Knox and Kayla Bratcher in the amount of $7,5000.00 each, $1,000 to each Opt-In Plaintiff who gave a deposition, and $250 to each Opt-In Plaintiff who provided sworn declaration testimony, all to acknowledge their time and effort expended in helping to achieve a successful Settlement. This payment is in addition to any payment they receive as their *pro rata* share of the Net Settlement Fund.

35.     The Named Plaintiffs have been an especially reliable and diligent representatives of the collective.  The role of the Named Plaintiffs in this litigation was crucial. They initiated the lawsuit, reviewed and approved the Complaint, conferred and corresponded with Class Counsel on a regular basis. They gave deposition testimony and participated in the settlement

conference. Similarly, the Opt-In Plaintiffs who spent a significant time preparing for and giving deposition testimony, and being interviewed for and giving sworn declaration testimony, are deserving of Service Awards.

36.     As such, the requested service awards are well-deserved and should be approved.

37.     The requested Service Awards in the amount of $38,000 represents 3% of the Settlement Fund which is a reasonable percentage.

**My Firm's Lodestar in this Litigation**

**Timekeeping Records**

38.     Each attorney and member of Werman Salas' professional staff kept records of the time they worked on this litigation through a software program — commonly known as "Sage Timeslips 2016" — that is loaded onto Werman Salas P.C.'s network server. The Timeslips file created for the instant litigation is named "Knox, Kimberlee – Jones Group." Beginning with my initial consultation with the Plaintiffs, whenever I or other members of Werman Salas P.C. performed work on behalf of Plaintiff in connection with this litigation, time entries were made in the Timeslip program. These entries consist of a description of the work performed on the date of the entry and the amount of time spent during the day performing the work described.

**Amount of Reasonable Time Billed**

39.     As of August 16, 2017, the reasonably incurred billable time Werman Salas incurred in litigating this class and collective action over the course of seven years, and the reasonable rates for that work, are as follows:

| Timekeeper | Rate | Time | Amt. Due |
|---|---|---|---|
| Douglas M. Werman | $650 | 361.57 | $235,020.50 |
| Jamie G. Sypulski | $600 | 85.8 | $51,480.00 |
| Abra Siegel | $575 | 111.38 | $64,043.50 |
| Maureen A. Salas | $525 | 94.68 | $49,707.00 |
| Zachary C. Floweree | $430 | 470.02 | $202,108.60 |
| Sarah J. Arendt | $400 | 106.34 | $42,536.00 |
| Jacqueline Villanueva | $150 | 145.66 | $21,849.00 |
| Adriana Rodriguez | $150 | 194.04 | $29,106.00 |
| Cristina Calderon | $150 | 167.67 | $25,150.50 |
| Maria Reyes | $150 | 150.33 | $22,549.50 |
| Carla Villanueva | $150 | 10.34 | $1,551.00 |
| Othon Nunez | $150 | 10.16 | $1,524.00 |
| **Total** | | | **$746,625.60** |

40.     During the course of the litigation, which has at times been contentious, the Parties:  (i) briefed Defendants' motion to dismiss; (ii) briefed Plaintiffs' motion for step-one notice; (iii) briefed Plaintiffs' motion to compel; (iv) briefed Defendants' motion for reconsideration; (v) took 29 depositions in Valparaiso, Fort Wayne, Indianapolis, Richmond, Virginia and Phoenix, Arizona; and (vi) Plaintiffs' Counsel took substantial written discovery from 34 individual corporate Defendants and answered written discovery for 374 Opt-In Plaintiffs.

41.     In addition, Plaintiffs' Counsel interviewed and collected evidence from Opt-In Plaintiffs, conferred with Defendants' Counsel over discovery disputes, prepared a class-wide

damage model, participated in settlement negotiations, and drafted settlement documents.

42.     Though, consistent with the Parties' Settlement Agreement, Plaintiffs' Counsel are not requesting an Attorneys' Fee award in excess of $675,000, they note that the loadstar presented above does not take into consideration future time Plaintiffs' Counsel will spend fulfilling their obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to Plaintiffs' and Settlement Class members' inquiries. Plaintiffs' Counsel expects these future attorneys' fees to be substantial.

43.     All members of Werman Salas attempted to avoid duplicative work and the billed time reflects a reasonable amount of time for each performed task. Class Counsel exercised prudent billing judgment in delegating the work among attorneys. Attorneys Douglas M. Werman and Zachary Flowerree performed the majority of work in the case, reducing inefficiencies that could arise if multiple attorneys were staffed on the case. In addition, more than one-third of all hours performed represents work that had been delegated to paralegals.

**Reasonable Hourly Billing Rates**

44.     In addition to the contingent fee work I perform in class and collective actions, I also have hourly paying clients.

45.     I charge the hourly rate of $650/hr for my work as a mediator of national wage and hour collective and class actions and other employment litigation. I most recently charged that hourly rate for a worker's compensation retaliatory discharge case I mediated on July 21, 2017.  I charge a flat rate of $12,000.00 per day for my mediation services of wage and hour class and collective actions. The flat rate includes preparatory time and time spent in a full day of mediation. The flat rate results in an effective hourly rate in excess of $650 per hour.

13

46.     I also charge the hourly rate of $650/hr for work I perform as an arbitrator of wage and hour cases before the American Arbitration Association, including one FLSA case that I am currently the designated arbitrator.

47.     I have been awarded hourly rate by numerous federal and state courts. For example, in granting a petition for an award of attorney's fees, I was recently awarded the hourly rate of $650.00 per hour in *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017). The *Sanchez* court also approved rates of $525/hour for Maureen Salas, $430/hour for Zachary Flowerree, $400/hour for Sarah Arendt, and $150/hr for Werman Salas' administrative staff. 2017 WL 1425837, at *6; *Williams v. Neil's Foods, Inc*., No. 13-2108 (ECF No. 25, 12/19/13) (N.D. Ill.) (awarding Douglas Werman $650/hr); *Martignago et al. v. Merrill Lynch & Co., Inc.*, et al., Case No. 11-cv-03923-PGG (ECF No. 90, 10/3/13) (S.D.N.Y) (awarding Werman Salas and co-counsel 25% percent of a $12,000,000 common fund following a loadstar crosscheck using an hourly rate of $650.00); *Krantz v. D T & C Global Management, LLC,* No. 14-cv-998 (ECF No. 56, 11/23/15) (N.D. Ill.) (awarding Douglas Werman $600/hr).

48.     Werman Salas ordinarily and regularly bills its time to hourly paying clients as follows:  $650 for my time, $550 for Maureen Salas' time, $430 for Zachary C. Flowerree's time, $400 for Sarah Arendt's time and $150 for paralegal time.

49.     Jacqueline H. Villanueva, Adriana P. Rodriguez, and Cristina Calderon are current paralegals with Werman Salas P.C., and all have been employed by the firm for more than 10 years. All are experienced and skilled paralegals with extensive knowledge of wage and hour law and providing litigation support. Ms. Villanueva is also a 2015 graduate of Loyola University School of Law and holds a juris doctor degree. Earlier this year, in *Sanchez,* the court

14

approved rates of $150/hr for Werman Salas' administrative staff. 2017 WL 1425837, at *6.

50.     Based on the rates awarded by these courts in other wage and hour cases, Plaintiffs believe the rates requested by Plaintiffs' Counsel are within the prevailing market rates in the community for Werman Salas' professional and administrative staff.

**The Requested Fee Represents a Reduction of Plaintiffs' Counsel's Lodestar**

51.     The amount Plaintiffs' Counsel seeks in attorneys' fees does not take into consideration the time Plaintiffs' Counsel will spend fulfilling their obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to settlement inquiries.

**Plaintiffs' Counsel's Litigation Expenses**

52.     My firm has incurred $29,903.59 in reasonably incurred litigation costs. These costs are as follows:

|  | **Amount** |
|---|---|
| Filing Fee | $400.00 |
| Research | $395.39 |
| Communications (FedEx, Postage, Texts, Address Accurint Address Searches, etc.) | $1,951.73 |
| Service of Process | $56.00 |
| Witness Fees (Subpoena) | $47.34 |
| Travel (Hotel, Airfare, Ground Transportation, etc.) | $9,037.45 |
| Depositions (Transcripts, Court Reporter Fees, etc.) | $9,342.18 |
| Photocopies | $394.05 |
| Administration Costs for Mailing of Opt-in Notice (Analytics) | $8,279.45 |

| Total Costs | $29,903.59 |
|---|---|

53.     I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

 Executed this August 17, 2017, Chicago, Illinois.

Douglas M. Werman

Werman Salas P.C.
77 West Washington Street, Ste. 1402
Chicago, Illinois  60602
(312) 419-1008
dwerman@flsalaw.com

16

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KIMBERLEE KNOX and KAYLA BRATCHER )
on behalf of themselves and all other persons )
similarly situated, known and unknown, )        Case No. 15-cv-1738 SEB-TAB
 )
      Plaintiffs, )              Magistrate Judge Baker
 )
 v. )
 )
THE JONES GROUP, *et al.,* )
 )
      Defendants. )

DECLARATION OF JAMIE GOLDEN SYPULSKI
IN SUPPORT OF PLAINTIFFS' PETITION FOR
ATTORNEYS' FEES AND COSTS

I, Jamie Golden Sypulski, being first duly sworn on oath, deposes and states under

penalty of perjury the following:

1.      I make this declaration in support of Plaintiffs' counsel's fee petition in the

above-captioned case.  All the facts stated herein are true and correct and are within my personal

knowledge.

2.      I graduated with honors from Chicago-Kent College of Law, Chicago, Illinois, in

1992, and was admitted to practice law in the State of Illinois in that year.  I was admitted to the

bar of the State of Indiana in 1993.  Between November 1992 and September 1998, I was

associated with the Law Offices Gerhard E.W. Kelter, Jr., P.C., in Chicago, Illinois.  During my

time at Law Offices Kelter, I represented management in labor and employment matters.  Since

September 1998, I have been a sole practitioner representing plaintiffs in employment and civil

rights issues.

3.      I am admitted to practice before the United States Court of Appeals for the Seventh

1

Circuit, as well as the Second, Ninth, Tenth and Eleventh Circuits, and all the federal district courts in the states of Illinois and Indiana.  I also have been admitted to a number of other federal district courts, both as a regular member of the bar and *pro hac vice*.

4.    With few exceptions, my practice involves representing plaintiffs in federal and state court litigation, in Illinois, Indiana and elsewhere.  I filed my first wage and hour case in 1997, and I have worked primarily in that practice area since that time. In the last 15 years, approximately 95 percent of my work involves wage and hour cases that seek to collect unpaid wages for employees; most often, low-wage workers.  The representation agreement with my clients is based on a contingency arrangement in which I am owed no fee unless a recovery is made in the litigation. I also advance the costs of the litigation.

5.    I have been lead or co-counsel in scores of cases in federal and state court involving the non-payment of overtime, minimum wage, vacation pay or other owed compensation.  The majority of these cases were collective actions under the Fair Labor Standards Act, or class action claims under state law.  These cases include: *Johnson, et al. v. Pinstripes, Inc., et al.,* No. 12 C 1018, 2013 U.S. Dist. LEXIS 138253, at *1 (N.D. Ill. Sept. 26, 2013) (combined class and collective action); *Schaefer v. Walker Bros. Enters., Inc.,* No. 10 CV 6366, Order re Class Certification, ECF No. 123, slip op. at 1 (N.D. Ill. Sept. 19, 2013) (class action); *Clark v. Honey-Jam Café, LLC,* No. 11 C 3842, 2013 U.S. Dist. LEXIS 62461, * 1 (N.D. Ill. Mar. 21, 2013) (combined class and collective action); *Haschak v. Fox & Hound Rest. Grp., et al.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 1 (N.D. Ill. Nov. 14, 2012) (combined class and collective action); *Schaefer v. Walker Bros. Enters., Inc.,* 10 C 6366, 2012 U.S. Dist. LEXIS 65432, *1 (May 7, 2012) (collective action); *Mello v. AppleIllinois, LLC,* 10 cv 3433, Order re Class Certification, ECF No. 69 (N.D. Ill. Dec. 5, 2011); *Kernats v. Comcast Corp. Inc.,*

Case Nos. 09 C 3368 and 09 C 4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010) (class certification); *Driver, et al. v. AppleIllinois, LLC, et al.,* No. 06 C 6149, 2010 U.S. Dist. LEXIS 18217, at *1 (N.D. Ill. Mar. 2, 2010) (class certification); *Ortegon, et al. v. Staffing Network Holdings, LLC, et al.,* 2006 CH 12679 (Chancery, Cook Cir.); *Gambo, et al. v. Lucent Technologies, Inc.,* 05 C 3701 (N.D. Ill.); *Boyd, et al. v. Jupiter Alum. Corp.,* 05 C 227 (N.D. Ind.); *Rodriguez v. Ravenswood Disposal Service,* Case No. 04 CH 19720 (Chancery, Cook Cir.); *Yon, et al. v. Positive Connections, Inc., et al.,* 04 C 2680 (N.D. Ill.); *Azo, et al. v. Art Institute of Chicago,* 04 C 2396 (N.D. Ill.); *Perugachi, et al v. Valet Parking Svc Inc,* et al, 04 C 1783 (N.D. Ill.); *Kim v. CHT Corp Inc. and Charlie Trotter,* 03 C 7362 (N.D. Ill.).  I have served as class counsel in some of the largest wage and hour class cases in Illinois.  *See e.g., Romo v. Manpower, Inc.,* No. 09 cv 3429, *Ortiz v. Manpower, Inc.,* No. 12 cv 5248, ECF Nos. 236, 249 (N.D. Ill.) (IWPCA class action of over 80,000 individuals).

      6.     As plaintiffs' counsel, I have over 80 reported federal cases.  I argued the case for the plaintiffs in *Ervin, et al. v. OS Rest. Servs., Inc.*, 632 F.3d 971 (7th Cir. 2011), a case of first impression in the federal appellate system, which held that there is no incompatibility between a Fair Labor Standards Act collective action under Section 16(b) and a state-law Rule 23 class action, and that both can proceed within the same lawsuit.  I argued the case *Schaefer v. Walker Bros. Enters., Inc.*, 829 F.3d 551, 554 (7th Cir. 2016), which, though affirming judgment against the plaintiff, did establish the viability of minimum wage claims alleging performance of non-tipped duties may result in forfeiture of the tip-credit.  Most recently, I argued the similar case of in *Romero v. Top-Tier Colo., LLP*, 849 F.3d 1281, 1286 (10th Cir. 2017), in which the Tenth Circuit reversed the Colorado district court and held that a tipped employee states a claim for

minimum wages under Section 6(a) of the Fair Labor Standards Act by alleging that she was paid at the tip-credit wage rate for time spent on non-tipped duties. *Id.*

7.      I was a chapter contributor to the standard reference work in federal wage and hour law, *The Fair Labor Standards Act* (Ellen C. Kearns, ed., BNA Books, 2d ed. 2010).  And I was the principal drafter of *amicus* briefs for the National Employment Lawyers Association in the following cases: *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872 (8th Cir. 2011) *cert. denied* ___ U.S. ___, 181 L. Ed. 2d 977 (Jan. 17, 2012), which dealt with Section 3(m) of the FLSA, and what duties a tipped employee may lawfully perform while receiving a tip-credit wage rate; *Roach v. T.L. Cannon Corp.,* No. 13-3070-cv, 2015 U.S. App. LEXIS 2054, *1 (2d Cir. Feb. 10, 2015), a case testing the scope of the Supreme Court's decision in *Comcast Corp. v. Behrend*, ___ U.S. ___, 133 S. Ct. 1426 (2013), and which held that individualized damages do not preclude a finding of predominance necessary for certification of a class under Rule 23(b)(3). 2015 U.S. App. LEXIS 2054, at *2; and most recently, *Encino Motorcars, LLC, v. Navarro, et al.*, ___ U.S. ___, 136 S. Ct. 2117 (2016), which involved the question of whether the FLSA exemption of salesmen selling automobiles, trucks or farm implements from the ambit of the Act also covers car dealership service advisors selling servicing to customers.

8.      I have practiced for 25 years, and in the last 15 years I have practiced almost exclusively in wage and hour litigation; I am thus well acquainted with the market rate for lawyers working in that practice area. My current hourly rate is $600.00, which is the market rate for attorneys with my level of experience in the wage and hour practice area.  Almost always, my fees are paid as part of the class or collective action common-fund attorneys' fees distribution, and thus I do not receive an awarded hourly rate as is customary in a fee petition under the lodestar procedure.

4

9.      However, the last hourly rate awarded to me as part of a lodestar fee petition was in May 2015 in the case *Shammo v. Kanzaman, Inc.* 13 cv 2366, Order (ECF No. 75), slip op. at 1 (N.D. Ill. May 18, 2015).  In that case I sought an hourly rate of $600.00, Mot. R. 54(b) Judgment and Fee Petition, ECF No. 70, at 7-8, and the court entered judgment on that motion. Order (ECF No. 75), slip op. at 1.  Five years earlier, in October 2010, I was awarded an hourly rate of $500.00 in the case *Palmore v. CAPI Telecomm. Inc.*  09 cv 12659, Order (ECF No. 665), slip op. at 1 (N.D. Ill. Oct. 13, 2010).  Also in 2010, in Chancery Court in Cook County, Illinois, in the case *Garcia, et al. v. Ron's Temp. Help Servs. Inc.,* 2006 CH 15361 (final approval order dated Jan. 22, 2010), I filed a declaration with the court identifying my hourly rate of $500.00. While in that case attorneys' fees were paid as part of a common fund, and not on a lode-star basis, the presiding judge reviewed class counsel's time and billing rate as part of the final approval process.

10.      In keeping my time for work on a given case, I use a timekeeping application called "Abacus Accounting."  Using that application, I make a contemporaneous timekeeping record for each task I perform, to the tenth of an hour.

11.      According to my timekeeping records, I performed 85.80 hours of work on this case.  I have complied with the Supreme Court's admonition that counsel in fee-shifting cases exercise billing judgment to excise time that is excessive, redundant or otherwise unnecessary. Thus, at my current billing rate, I have accrued $51,480.00 in fees.  In addition, I incurred costs of $1,651.54 in travel and hotel expenses for Plaintiff depositions.

12.     I am not suffering any impediments and am competent to testify to all of the foregoing.  As provided under 28 U.S.C. §1746, the undersigned certifies that the statements set forth in this instrument are true and correct.


August 17, 2017

<u>/s/ Jamie G. Sypulski</u>