IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **KIMBERLEE KNOX and KAYLA BRATCHER** ) | | |
| on behalf of themselves and all other persons ) | | |
| similarly situated, known and unknown, ) | | **Case No. 15-cv-1738 SEB-TAB** |
| ) | | |
| **Plaintiffs,** ) | | **Magistrate Judge Baker** |
| ) | | |
| v. ) | | |
| ) | | |
| **THE JONES GROUP, AVON WINGS, LLC** ) | | |
| d/b/a Buffalo Wild Wings, **BW WINGS** ) | | |
| **MANAGEMENT LLC, COLDWATER** ) | | |
| **WINGS, LLC, COLONIAL WINGS, LLC,** ) | | |
| **COOL WINGS, LLC, DANVILLE WINGS II,** ) | | |
| **LLC, GREENCASTLE WINGS, LLC,** ) | | |
| **MECHANICSVILLE WINGS, LLC,** ) | | |
| **SHELBYVILLE WINGS, LLC,** ) | | |
| **VINCENNES WINGS, LLC, ANGOLA WINGS,** ) | | |
| **LLC, AUBURN WINGS, LLC, BROOKLYN** ) | | |
| **WINGS, LLC, CHESTER WINGS, LLC,** ) | | |
| **DANVILLE WINGS, LLC, FAIRVIEW WINGS,** ) | | |
| **LLC, FARMVILLE WINGS, LLC, HOOSIER** ) | | |
| **WING IT II, LLC, HOOSIER WING IT, LLC,** ) | | |
| **LAPORTE WINGS, LLC,  LEBANON WINGS,** ) | | |
| **LLC, LOGANSPORT WINGS, LLC, LP WING** ) | | |
| **IT, LLC, MAYSVILLE WINGS, LLC, MBM** ) | | |
| **OHIO, LLC, MUNCIE WINGS, LLC, NEW** ) | | |
| **CASTLE WINGS, LLC, PORTAGE WINGS,** ) | | |
| **LLC, SHORT PUMP WINGS, LLC, SOUTHERN** ) | | |
| **PINES WINGS, LLC, ST. JOE WINGS, LLC,** ) | | |
| **STURGIS WINGS,  LLC, WARSAW WINGS,** ) | | |
| **LLC, and WASHINGTON WINGS, LLC,** ) | | |
| ) | | |
| **Defendants.** ) | | |

**ORDER APPROVING SETTLEMENT, APPOINTING SETTLEMENT
ADMINISTRATOR, APPROVING SERVICE AWARDS AND
<u>ATTORNEYS' FEES AND COSTS</u>**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion For

Approval of Settlement, For Appointment of Settlement Administrator, and For Approval of

Service Awards and Attorneys' Fees and Costs ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in Support of the Motion for Settlement Approval (the "Memorandum"), the Declaration of Douglas M. Werman ("Werman Decl."), the Declaration of Jamie Golden Sypulski ("Sypulski Decl."), and the supporting exhibits, the Court hereby finds as follows:

### The Settlement Is Approved

1. The Court approves and incorporates by reference all of the definitions contained in the Joint Stipulation of Settlement. The Court hereby approves the One Million Three Hundred Thousand and No/100ths Dollar ($1,300,000.00) collective action settlement. A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Roberts v. Apple Sauce, Inc.,* No. 3:12-cv-830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); *see also Butler v. Am. Cable & Tel., LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011). "It is a well settled principle that the law generally encourages settlements." *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979).

2. Here, the settlement meets the standard for approval. First, there is no doubt that the settlement was the result of vigorously contested litigation. The case was actively litigated by both parties. Defendant moved to dismiss Plaintiff Knox's complaint in its entirety and contested Plaintiffs' motion to issue step-one notice of the collective action. The Parties engaged in substantial discovery. In total, thirty depositions were taken and tens of thousands of pages of documents produced. The "contested litigation" prong is easily satisfied.

3. The second prong of the Court's settlement approval inquiry, whether the settlement is a fair and reasonable resolution of a *bona fide* dispute between the parties, is also satisfied.

4. To determine whether a settlement is "fair and reasonable," courts often analyze the following factors: (1) whether the parties fairly and honestly negotiated the settlement; (2) if serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt; (3) does the value of immediate settlement outweighs the mere possibility of future relief after protracted litigation; and (4) in the judgment of the parties, is the settlement is fair and reasonable. *Cannon v. Time Warner NY Cable LLC*, 2015 WL 4498808 (D. Colo. July 24, 2015). After careful review, each of these factors is satisfied. In particular, with regard to the value of the settlement, the Court notes that even after the payment of attorney's fees and litigation expenses, all service payments, and the costs of the settlement administrator, the Settlement Payments range from a minimum payment of $25.00 to a maximum payment of $9,717.72, with the average Settlement Payment of $1,285.18. With regard to the dual jobs claim, the Settlement Payments represent a 37.5 percent forfeiture of the tip credit for every week that Opt-in Plaintiffs worked, and Plaintiffs alleged that they spent 35 percent to 40 percent of their time performing non-tipped duties. The Settlement Payments likewise represent a 37.5 percent forfeiture of the tip credit for every week that Opt-In Plaintiffs worked prior to November 16, 2015, the date Defendants claim to have corrected their unlawful walkout policy. With regard to that claim, Defendants contend that Plaintiffs could only recover on their walk-out claims for the individual work weeks that they suffered such a charge-back. For both claims, then, the settlement result is fair and reasonable. *See Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust,* 834 F.2d 677, 682 (7th Cir.1987) (finding adequate a settlement of 10% of the total sought due to risks and costs of trial).

5. The Court also concludes that a *bona fide* dispute existed between the parties. Defendants denied the material allegations of Plaintiffs' claims and any violation of the FLSA, and they vigorously defended their position throughout the litigation, resulting in extensive discovery on both sides. *Swartz v. D-J Eng'g, Inc.*, 2016 WL 633872, 2016 U.S. Dist. LEXIS 20017 (D. Kan. Feb. 17, 2016).

**The Settlement Procedure Is Approved**

6. A one-step settlement approval process is appropriate. *See, e.g.*, *Stokes v. Consol. Wings Inv., LLC,* No. 15-cv-01932-RLY-DKL (S.D. Ind.), ECF No. 61 (approving FLSA collective action settlement in one step); *Briggs v. PNC Fin. Servs. Group, Inc.,* No. 15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016) citing *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("'A one-step settlement approval process is appropriate[]'" in FLSA settlements.); *Castillo v. Noodles & Co.,* No. 16-cv-030306, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016) (granting request for one-step approval process); *Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (same). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

4

7. The Settlement Timeline and the plan for sending the Settlement Payments as described in the Joint Stipulation of Settlement are approved.

### The Service Awards Are Approved

8. Service or incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs. *See, e.g.*, *Espenscheid*, 688 F.3d at 876-77 (Posner, J.); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012); *Follansbee v. Discover Fin. Servs., Inc.*, No. 99 Civ. 3827, 2000 WL 804690, at *7 (N.D. Ill. June 21, 2000) (recognizing the importance of incentive awards). Accordingly, incentive awards are commonly awarded to those who serve the interests of the class. *Massiah*, 2012 WL 5874655, at *8 (collecting cases); *accord Chesemore v. Alliance Holdings, Inc.*, No. 09 Civ. 413, 2014 WL 4415919, at *4 (W.D. Wis. Sept. 5, 2014); *Hawkins v. Securitas Sec. Servs. USA, Inc.*, 280 F.R.D. 388, 395 (N.D. Ill. 2011).

9. In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiff has taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiff expended in pursuing the litigation. *Cook*, 142 F.3d at 1016; *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *16 (N.D. Ill. Feb. 28, 2012). Here, the Named Plaintiffs and the Opt-in Plaintiffs who sat for depositions and gave declarations in this Action satisfy these factors.

10. First, the Named Plaintiffs and Opt-in Plaintiffs who provided depositions and declarations took substantial actions to protect the interests of potential collective action members, and those actions resulted in a substantial benefit to 428 Settlement Class Members,

who will receive checks in amounts ranging from a minimum of $25 to a maximum of $9,717.72. Courts in this Circuit and others have approved incentive awards for similar activities. See *Briggs,* 2016 WL 7018566, at * 3 (approving $12,500 service award to two plaintiffs in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Co.,* No. 16-cv-03036, 2016 WL 7451623 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four plaintiffs in FLSA settlement for a total of $40,00 in service awards). The Named Plaintiffs' actions and those of the Opt-in Plaintiffs who gave depositions and declarations have resulted in substantial benefits to the class.

11. Second, the Named Plaintiffs undertook substantial direct and indirect risk.  In agreeing to file this class action suit in their names, Named Plaintiffs Knox and Bratcher undertook substantial risk. They assumed significant risk that "should the suit fail, [they could] find [themselves] liable for the defendant's costs or even, if the suit [was] held to have been frivolous, for the defendant's attorneys' fees." *Espenscheid*, 688 F.3d at 876-77 (internal citations omitted).  "The incentive reward is designed to compensate [named plaintiffs] for bearing these risks." *Espenscheid,* 688 F.3d at 877; *accord Koszyk*, 2016 WL 5109196, at *3.

12. Third, the Named Plaintiffs spent a significant amount of time and effort in pursuing this litigation on behalf of the Settlement Class Members. This included the time and effort they expended in pre-litigation assistance to Plaintiffs' Counsel in investigating the claims brought and the time and effort they spent in assisting in the preparation and review of the complaint.

13. Similarly, the Opt-in Plaintiffs who spent significant time preparing for and giving deposition testimony and being interviewed for and giving sworn deposition testimony that ultimately benefited the 428 Settlement Class Members are also deserving of Service Awards. *Briggs,* 2016 WL 7018566, at * 3 (approving service award to named plaintiffs who expended

time and effort providing pre-litigation assistance to plaintiff's counsel, preparing and reviewing the complaint, providing a declaration, and helping prepare for mediation); *Castillo,* 2016 WL 7451626, at * 3 (approving service award to named plaintiffs who participated in an extensive pre-suit investigation, provided documents crucial to establishing the claims, and assisting plaintiffs' counsel in analyzing documents during the informal discovery process).

14. For the foregoing reasons, Service Awards of Seven Thousand Five Hundred Dollars ($7,500.00) are approved for Named Plaintiffs Kimberlee Knox and Kayla Bratcher. The Service Awards of One Thousand Dollars ($1,000.00) are also approved for each of the 22 Opt-in Plaintiffs who gave deposition testimony in this litigation, as identified in Exhibit D to the Joint Stipulation of Settlement. Likewise, Service Awards of Two Hundred Fifty Dollars ($250.00) to each of the eight Opt-in Plaintiffs who gave declarations in this matter, as identified in Exhibit E to the Joint Stipulation of Settlement.

15. Accordingly, the requested Service Awards are reasonable and shall be paid from the Settlement Fund.

### **Fees and Costs of the Settlement Administrator and Attorneys Are Approved**

16. The Court approves of the Settlement Administrator's fees and costs of no more than Six Thousand One Hundred Thirty-Nine and No/100ths Dollars ($6,139.00) to be paid to Analytics Consulting LLC for settlement administration.

17. Plaintiffs' Counsel's request for reimbursement of Twenty-Nine Thousand Eight Hundred Three Dollars and 36/100[th] Dollars ($29,803.36) in actual out-of-pocket expenses incurred in prosecuting this case, including costs for filing and service fees, postage, and research fees is granted. The Court finds these costs to be reasonably incurred.

18. Likewise, the Court grants Plaintiffs' Counsel's request for Six Hundred Seventy-

Five Thousand and No/100ths Dollars ($675,000.00) as attorneys' fees.

19. Class Counsel seek their attorney's fees on a lodestar basis. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Multiplication of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate equals the lodestar, *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001), which is presumed to be a reasonable fee, *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The Seventh Circuit has applied the *Hensley* framework to fee-award determinations for claims brought under the FLSA. See *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544 (7th Cir. 1999).

20. As explained below, Plaintiffs' Attorneys seek a compromised amount of their lodestar in the amount of $675,000.00

**Class Counsel's Reasonably Incurred Time**

21. In Support of their Unopposed Motion for Approval of Settlement, Class Counsel provided the Court a summary of the billable time (and reasonable hourly rates), that they incurred in litigating this combined Rule 23 class and FLSA collective action. *See* Werman Decl., ECF No. 170-3; Sypulski Decl., ECF No. 170-4. The billable time by timekeeper and requested hourly rates are as follows:

| **TIMEKEEPER** | **HOURLY RATE** | **HOURS** | **TOTAL** |
|---|---|---|---|
| Douglas M. Werman | $650 | 361.57 | $235,020.50 |
| Jamie G. Sypulski | $600 | 85.8 | $51,480.00 |
| Abra Siegel | $575 | 111.38 | $64,043.50 |
| Maureen A. Salas | $525 | 94.68 | $49,707.00 |
| Zachary C. Flowerree | $430 | 470.02 | $202,108.60 |
| Sarah J. Arendt | $400 | 106.34 | $42,536.00 |
| Jacqueline Villanueva | $150 | 145.66 | $21,849.00 |
| Adriana Rodriguez | $150 | 194.04 | $29,106.00 |
| Cristina Calderon | $150 | 167.67 | $25,150.50 |
| Maria Reyes | $150 | 150.33 | $22,549.50 |
| Carla Villanueva | $150 | 10.34 | $1,551.00 |

| Othon Nunez | $150 | 10.16 | $1,524.00 |
|---|---|---|---|
| Total | | **1,907.99** | **$746,625.60** |

22. Class Counsel's lodestar noted above is through August 16, 2017, and does not account for the time Class Counsel will expend fulfilling their obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to Class members' inquiries.

23. Based on the evidentiary materials and declarations submitted by Class Counsel, the Court concludes that the total of 1,907.99 hours that Class Counsel expended on the litigation is reasonable.

### Class Counsel's Reasonable Hourly Rates

24. Under the lodestar method, for purposes of determining a reasonable attorney's fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 896, 895 (1984). Where a lawyer commonly charges clients by the hour, the regular billing rate is presumptively the market rate. *Spegon,* 175 F.3d at 555; *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). But if an attorney ordinarily works on a contingent-fee basis, a "court should look to the next best evidence -- the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *People Who Care*, 90 F.3d at 1310 quoting *Blum,* 465 U.S. at 895 n.11.

25. Class Counsel provided declarations to establish that the hourly rates they request are the rates they also charge to hourly paying clients, have been awarded by other courts, and are otherwise justified by their experience and recognition as national leaders in advocating the rights of working people in wage and hour litigation. *See Sanchez v. Roka Akor Chicago LLC*,

9

No. 14-cv-4645, 2017 WL 1425837, at *5 (N.D. Ill. Apr. 20, 2017) (granting attorneys' fees at the rates set forth above for Douglas M. Werman, Maureen A. Salas, Zachary C. Flowerree, and Sarah J. Arendt); *Shammo v. Kanzaman, Inc.* 13 cv 2366, Order (ECF No. 75), slip op. at 1 (N.D. Ill. May 18, 2015) (granting attorneys' fees for Jamie G. Sypulski in the amount set forth above). Class Counsel's hourly rates were recently cited with approval and used to analyze the fee petition in a wage and hour case in the Northern District of Illinois, describing Douglas M. Werman, Maureen A. Salas and Sarah J. Arendt as "highly respected and experienced lawyers" in "wage and hour cases." *See Mouloki v. Epee,* No. 14 C 5532, 2017 WL 2791215, at * 3, n. 4, (N.D. Ill. June 27, 2017) (comparing the rates sought by lawyers from Orrick, Herrington, And Sutcliffe LLP with those charged by lawyers at Werman Salas P.C.).

26. The Court concludes that the following hourly rates are reasonable and supported by the evidentiary showing made by Class Counsel:

| TIMEKEEPER | HOURLY RATE |
|---|---|
| Douglas M. Werman | $650 |
| Jamie G. Sypulski | $600 |
| Abra Siegel | $575 |
| Maureen A. Salas | $525 |
| Zachary C. Flowerree | $430 |
| Sarah J. Arendt | $400 |
| Jacqueline Villanueva | $150 |
| Adriana Rodriguez | $150 |
| Cristina Calderon | $150 |
| Maria Reyes | $150 |
| Carla Villanueva | $150 |
| Othon Nunez | $150 |

27. A Court may consider other factors to determine loadstar amount. These factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case; and (10) the nature and length of the professional relationship with the client. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310-11 (7th Cir. 1996) ("*People Who Care I*") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). These factors support the award of Plaintiffs' Attorneys' requested fees.

### The Results and the Benefits Conferred Upon the Named Plaintiffs and the Settlement Class Members Justify the Requested Award

28. The Settlement Payments Settlement Class Members will receive are significant. The highest settlement payment to a Settlement Class Member is $9,717.72, and the average award is $1,285.18. *See* Werman Decl., ¶31, ECF No. 170-3. These payments represent a 37.5% forfeiture of the tip credit for every week that Opt-in Plaintiffs worked with respect to their dual jobs claim. Inasmuch as Defendants dispute that their policies violated state and federal wage and hour laws and Plaintiffs allege that they spent 35%-40% of their time performing dual jobs, this is a fair and equitable result for Settlement Class Members.

29. Nor will Settlement Class Members, with the exception of the Named Plaintiffs, be required to provide a general release in order to participate in the Settlement. As a result, any claim a Settlement Class Member may have other than those asserted or related to this lawsuit remains unaffected. The absence of a general release exemplifies the results achieved for the Settlement Class. *See Ramah Navajo Chapter v. Babbitt,* 50 F. Supp. 2d 1091, 1103-04 (D.N.M. 1999) (noting the limited, rather than general, nature of the release as further evidence of an exceptional result in favor of class members).

30. Based on their rate of compensation in similar cases, the risk Class Counsel undertook in engaging in this litigation with no guarantee of any compensation, and the fair and equitable result achieved for Settlement Class Members, Class Counsel is entitled to a reasonable attorneys' fees award in the amount of $675,000.00.

### Dismissal and Post-Judgment Procedure

31. The Court orders that this case be administratively closed as of the date of this Order. On or before May 31, 2018, the Parties shall file a joint stipulation of dismissal with prejudice.

32. The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Joint Stipulation, including for overseeing the distribution of settlement funds.

33. The parties shall abide by all terms of the Joint Stipulation of Settlement, which are incorporated herein, and this Order.

Date: 8/31/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.